42 P.(2d) 1111

## STATE v. WILLIAMS.

### No. 4071.

Supreme Court of New Mexico.

March 26, 1935.

H. M. Rodrick, of Raton, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

WATSON, Justice.

This appellant is under conviction for an assault with a deadly weapon.

The record discloses a fight at a country dance, in which severe cuts were inflicted upon the complaining witness, undoubtedly with a knife, though no one of the many spectators seems to have seen the weapon. Which of the combatants was the aggressor is a matter which, as well as some other incidents, is in direct dispute. Several of the witnesses were quite partisan.

The first question concerns the tender and refusal of this instruction: " * * * If you believe from the evidence that the defendant assaulted R. H. Elliott with a sharp instrument with which deadly wounds could be inflicted, and also believe that his situation was such at the time of said assault that a reasonably prudent man in his circumstances would have believed himself in danger of being killed, or of suffering great bodily harm at the hands of said R. H. Elliott, then, you are instructed, he was justified in using the deadly weapon to defend himself."

The state does not question that there was evidence calling for the submission of this theory of defense. Its position is thus stated: "There was evidence that the defendant provoked the difficulty which led to the assault by striking the prosecuting witness and wounding him on the head. If the court had given the defendant's requested instruction as it reads, the jury would have been instructed to acquit the defendant, if they found that he acted in self defense, even though he himself had started the difficulty. This is not the law and the court, in our opinion, properly refused the requested instruction."

Without conceding that he was not entitled to a direction in the form requested, appellant points out that there was no instruction given on self-defense. He contends that by tendering the instruction, even if not faultless in form or substance, he sufficiently invoked a plain right and put the court in error for ignoring what, under the circumstances, was really the only defense.

We have lately stressed the statutory duty of the judge "to instruct the jury as to the law in the case" (Comp. St. 1929, § 70-102, in force when this cause was tried), mentioning it as "of the utmost importance, and binding upon conscience, and subject to be in-

voked by the accused." The right of the accused of course is correlative, yielding only to the rule that the duty is "uncontrollable and unreviewable by this court, if the accused has failed to invoke it." State v. Diaz, 36 N. M. 284, 13 P.(2d) 883, 885.

██ Not only was there a failure in this case to give the instructions usually given on the law of self-defense, but there was no question submitted or suggested as to which party was the aggressor in the fight. The only issues left to the jury were whether appellant inflicted the cuts on the complaining witness, and whether whatever instrument was employed was a deadly weapon; matters so little in dispute that the verdict was almost predetermined.

Appellant did quite definitely invoke his right to have placed before the jury his theory of self-defense. Might the judge ignore the whole matter because the requested instruction failed to negative that appellant was the aggressor?

Many cases are to be found among our decisions in which the adjective "proper" or the adjective "correct" has been used in stating the rule that the court's failure to instruct on some feature of the case will be reviewable error only if the party has requested instruction on that subject. The present rule, Comp. St. 1929, § 70-108, as amended since the trial of this cause, 38 N. M. xvii, uses "correct." In State v. Padilla, 18 N. M. 573, 139 P. 143, on which the state leans heavily, the word "proper" was used. In that case no instruction at all was tendered on the point. But no case has been brought to our attention, and we know of none, in which this court has so strictly held against one accused of crime as the state would have us rule here.

Appellant cites no decision of ours in which we have held that a tendered instruction, though refused properly because in some respect incorrect, may still serve to put the court in error for an omission in the instructions given or to be given. He does cite State v. Fox, 148 Mo. 517, 50 S. W. 98; State v. Hendricks, 172 Mo. 654, 73 S. W. 194. And this view is taken in a number of other jurisdictions. 16 C. J. 1068, note 99.

We are not prepared to embrace such a rule in any wholesale manner. It is essential to the orderly and effective administration of criminal justice that counsel for the accused assist the court in avoiding error. But rules of this kind must be consistent with and sometimes give way to the higher consideration of justice. Cf. Pettine v. Terr. of N. M. (C. C. A.) 201 F. 489, reversing Territory v. Pettine, 16 N. M. 40, 113 P. 843, quoted approvingly in State v. Houston, 33 N. M. 259, 263 P. 754. In this particular case, we feel that the ends of justice require a new trial, wherein the jury may have the opportunity to view appellant as the assailed, rather than the assailant, and to test what he did by the law governing persons in great peril in situations not of their own making.

The judgment will be reversed and the cause remanded for new trial.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.