294 P.2d 1102

**Mary TUSO, Plaintiff-Appellant,**

v.

**Michael P. MARKEY and Mildred S. Markey, d/b/a El Jardin Lodge & Cafe, Defendants-Appellees.**

**No. 5969.**

Supreme Court of New Mexico.

Feb. 17, 1956.

Rehearing Denied April 4, 1956.

Edward L. Yudin, J. L. Leftow, Lewis R. Sutin, Albuquerque, for appellant.

Gilbert, White & Gilbert, Santa Fe, for appellees.

PER CURIAM.

Upon consideration of motion for rehearing the opinion heretofore filed in said cause is withdrawn and the following substituted therefor.

COMPTON, Chief Justice.

Appellant appeals from an adverse judgment in an action for damages for personal injuries, allegedly due to the negligence of appellees.

Appellees operate a restaurant at 8100 Central Avenue S. E. in the City of Albuquerque. On September 1, 1953, appellant, accompanied by relatives, went to appellees' restaurant for dinner. They were directed to a table where they were later served. She was at the table for a considerable time, perhaps an hour. After finishing her meal, she went to the cashier's desk and paid the fare for the group. She then returned to the table where she intended to remain until others in the group had finished eating. Suddenly, the chair in which she was sitting collapsed, throwing her to the floor, causing the alleged injuries.

The complaint alleges:

"That the said fall by plaintiff to the floor, and the said injuries, was and were occassioned by the unsafe and defective condition of said chair; that plaintiff did not know of the dangerous and defective condition of the chair; that the chair was under the sole and exclusive control and management of the defendants; that this accident would not have occurred if the defendants had exercised due care; that

defendants were negligent in failing to maintain safe equipment which the public was invited to use; and that defendants were negligent in failing to inspect said equipment."

The answer asserts three defenses, (a) a general denial, (b) contributory negligence, and (c) unavoidable accident. Issue being thus joined, the cause was tried to a jury, which returned its verdict in favor of appellees. Accordingly, judgment was entered from which the appeal is taken.

Appellant sought to invoke the doctrine of res ipsa loquitur. She made no effort to explain the cause of the accident, the proof being limited to the occurrence and the resultant injuries. She tendered an instruction applying the rule, the refusal of which is assigned as error.

■ ■ We think appellant was entitled to rely on the doctrine. The complaint, without attempting to point out the specific acts of negligence responsible for the accident, charges generally that the chair was in an unsafe condition and that the accident would not have happened had appellees exercised due care. Such general allegations of negligence, accompanied by an allegation and proof that the instrumentality causing the accident was under the exclusive control of appellees, warranted its application. Leet v. Union Pac. R. Co., 25 Cal.2d 605, 155 P.2d 42, 158 A.L.R. 1008; Rose v. Melody Lane of Wilshire, 39 Cal.2d 481, 247 P.2d 335. When the doctrine applies, an inference of a defendant's negligence may be drawn which, if drawn by the jury, and not neutralized by countervailing evidence or satisfactorily rebutted by the defendant, would support a verdict for the plaintiff. Rose v. Melody Lane of Wilshire, supra; Schueler v. Good Friend North Carolina Corp., 231 N.C. 416, 57 S.E.2d 324, 21 A.L.R.2d 417; Benedict v. Eppley Hotel Co., 159 Neb. 23, 65 N.W. 2d 224.

■ Of course had appellant, by proof of specific acts of negligence, established all the facts as to how the accident happened, thereby dispelling any inference drawn by force of the rule, the doctrine would not be available to her, notwithstanding such general allegations of negligence. In such circumstances, she would be limited solely to inferences, if any, which might arise from proof of specific acts. Hepp v. Quickel Auto & Supply Co., 37 N.M. 525, 25 P.2d 197; Rose v. Melody Lane of Wilshire, supra. But, as previously stated, she neither alleged nor offered proof as to any specific act of negligence.

Appellees offered evidence of an exculpatory nature. Michael P. Markey testified that he inspected the chairs weekly for defects; that two or three days prior to the accident he inspected the chair in question and it was then in safe condition, with no apparent defects. The witness Nettleton, a salesman for a large distributor of furniture of the type and kind used by appellees, testified that he had never known of

a chair of the kind collapsing. Various employees testified to making periodical inspection of the equipment, particularly the chairs and found them in safe condition. This evidence, no doubt, was offered to rebut any inference of negligence the jury might draw from the occurrence of the accident. But, it is obvious, there was no inference to rebut, since the jury did not have an opportunity to consider the force of any inference arising from an application of the doctrine.

██ It is argued that the introduction of evidence to prove specific acts of negligence, denies its application. We are relieved of the necessity of determining this question as we have just held that no attempt was made to prove specific acts of negligence. Nevertheless, there is strong authority supporting this argument, but we think the better reasoned cases support a different view. Hepp v. Quickel Auto & Supply Co., supra; Rose v. Melody Lane of Wilshire, supra; Freitas v. Peerless Stages, Inc., 108 Cal.App.2d 749, 239 P.2d 671, 33 A.L.R.2d 778; Dallas Ry. & Terminal Co. v. Clayton, Tex.Civ.App., 274 S.W.2d 422, 424. In the latter case, the court said:

"* * * We think that in cases in which a plaintiff is entitled to rely on the doctrine of res ipsa loquitur, he ought not to be penalized by the loss of the presumption because he has been willing to go forward and do the best he can to prove specific acts of negligence. On the contrary he ought to be encouraged to give the court, the jury, and even the defendant the benefit of whatever facts, if any, his effort may develop toward revealing the specific causes of the mishap. And of course if a plaintiff should not be penalized for making the effort, he ought not to be later penalized for succeeding. * * *"

██ It is contended also that the tendered instruction was erroneous because it made use of the word "inference" instead of "presumption". This contention is without merit. Obviously, the words are used interchangeably. Hepp v. Quickel Auto & Supply Co., supra; Tafoya v. Las Cruces Coca-Cola Bottling Co., 59 N.M. 43, 278 P.2d 575; Gritsch v. Pickwick Stages System, 131 Cal.App. 774, 22 P.2d 554; Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815.

██ An examination of the requested instruction in the light of other objections made to it, persuades us to say something in clarification. It says, speaking of certain conditions to application of the rule mentioned:

"Where all these conditions are found to have existed, an inference *arises*, etc. (Emphasis ours.)

Instead of saying "an inference arises" the requested instruction might the better have said "you are *permitted to infer* that the proximate cause of the occurrence was some negligent conduct on the part of the

defendants." Black v. Partridge, 115 Cal. App.2d 639, 252 P.2d 760; Sweeney v. Erving, supra.

The instruction as requested goes on to say:

"It is necessary for the defendants to rebut this inference by showing that they did in fact exercise ordinary care * * *. If the defendants fail to *overcome* the inference of their negligence, or if the inference preponderates over the contrary evidence, it warrants a verdict for the plaintiff * * *." (Emphasis ours.)

■ The vice in this portion of the instruction appears in the use of the italicized word "overcome." See Williams v. City of Long Beach, 42 Cal.2d 716, 268 P.2d 1061.

■ The simplest statement of the doctrine of *res ipsa loquitur* coming to our attention is that of Dean Wm. L. Prosser in an article in 37 Cal.Law Review 183, in which among other things he said:

"In the ordinary case res ipsa loquitur merely permits the jury to choose the inference of the defendant's negligence in preference to other permissible inferences. It avoids a nonsuit and gets the plaintiff to the jury; but a verdict for the defendant will be affirmed even though he offers no evidence."

Note how nearly this statement of the rule accords with the closing language of our opinion in Hepp v. Quickel Auto & Supply Co., supra [37 N.M. 525, 25 P.2d 203], where we said:

"What we have said touching the evidence has been solely for the purposes of this decision. It is not to be taken and is not intended as a suggestion upon the weight to be given plaintiff's testimony when the matter shall again come before a jury. The defendant, if the evidence be the same on another trial, may completely overcome the prima facie effect of such evidence. The jury upon the evidence, as it stands, may decline to draw the inference of negligence. But that plaintiff was entitled to have the jury pass on it, and that unexplained it would support an inference of negligence, we entertain no doubt."

True enough, in that case we were not applying the doctrine of res ipsa loquitur, though we discussed it at length. Nevertheless, what we said in dealing with a case where the prima facie case rested on circumstantial evidence is as true of the case where it arises from an application of the doctrine of res ipsa loquitur.

Thus it is that in remanding for a new trial we are not to be taken as approving the correctness of the requested instruction even though it did serve to call the trial court's attention to the importance of instructing on the doctrine of res ipsa loquitur. State v. Williams, 39 N.M. 165, 42 P.

2d 1111; State v. Jones, 51 N.M. 141, 179 P.2d 1001.

The judgment should be reversed with direction to grant appellant a new trial, and it is so ordered.

LUJAN, SADLER, McGHEE, and KIKER, JJ., concur.