128 So.2d 887 (1961)
William F. PIERSON, Jr., Appellant,
v.
W.W. SEALE and Kathleen Toni Seale, individually and as Partners, d/b/a Wil's Waffle Shop, Appellees.
No. 60-425.
District Court of Appeal of Florida. Third District.
April 20, 1961.
*888 Claude Pepper, Miami, and Allen Clements, Jr., Miami Beach, for appellant.
Fowler, White, Gillen, Humkey & Trenam and Henry Burnett, Miami, for appellees.
PER CURIAM.
The plaintiff appeals a summary final judgment for defendants in an action for injury to the person. The complaint sought damages for an injury allegedly sustained when a booth bench in defendants' restaurant collapsed under plaintiff. The duty charged to have been violated was failure of defendants to properly inspect this piece of furniture to determine whether it was safe for use.
Appellant contended that the showing as to inspection was insufficient, and that such issue was not resolved. Appellees argued that the deposition of one of the defendants established beyond issue that the duty to inspect was performed. By the deposition referred to, the operator of the restaurant brought forward the facts that each day her employees moved the booths in order to clean around them, and that from time to time she and her employees sat upon the various benches. The record also contains testimony of one apparently qualified as an expert witness that the accident which occurred could only have happened by reason of a gradual but noticeable deterioration of the supports for the bench. We hold that those uncontroverted facts are not sufficient, under the circumstances of the injury in this case, to amount to a conclusive discharge as a matter of law of the duty to inspect. There were genuine triable issues as to whether a proper and adequate inspection, if made by defendants, could and should have disclosed the alleged defective condition of the booth bench, and, if so, whether such an inspection was made. See Farrey v. Bettendorf, Fla. 1957, 96 So.2d 889; Mosqueda v. Paramount Enterprises, Inc., Fla. App. 1959, 111 So.2d 63.
One other point advanced by the appellant must be discussed, because this cause is to be returned for further proceedings. Appellant contends the trial judge erred by denying his motion for the production of certain photographs of the bench, which were in the possession of defendants' counsel or agents. It was alleged, as a basis for the motion to produce, that the offending instrument had been so effectively repaired that the facts portrayed by the photographs could not otherwise be made available to the plaintiff. The record does not contain any circumstance tending to controvert this alleged basis for the motion to produce. On remand, unless some other sufficient reason is shown to deny such discovery, it would appear that a motion to produce the photographs should be granted under the exception to the work product rule. See Ford Motor Company v. Havee, Fla.App. *889 1960, 123 So.2d 572; Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.
Reversed and remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.