ARTHUR B. TWARDOWSKI, Individually, and SUSAN TWARDOWSKI, a Minor, By and Through Her Guardian Ad Litem, ARTHUR B. TWARDOWSKI, Appellants, v. WESTWARD HO MOTELS, INC., a Nevada Corp., DEAN PETERSEN, ANDRO PETERSEN, FAYE PETERSEN, SAM ZONA, LILA ZONA, and Limited Partners of a Limited Partnership, Known as "2900 HOUSE", Respondents.

No. 6139

November 25, 1970                    476 P.2d 946

*Harry E. Claiborne* and *James J. Brown,* of Las Vegas, for Appellants.

*Singleton, Beckley, DeLanoy, Jemison & Reid, Chartered,* of Las Vegas, for Respondents.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from a judgment notwithstanding the jury verdict in the amount of $9,000 favoring appellant in the court below. We reverse that judgment and reinstate the jury's verdict in favor of appellant.

Susan Twardowski, a child of 12 years, and her parents, while travelling from Illinois to California on a vacation trip, stopped in Las Vegas in the afternoon of July 17, 1966, and registered as paying guests at the Westward Ho Motel. That afternoon the family swam in a pool provided by the motel. Susan, together with other children present, used a pool-side slide to enter the water. No injuries resulted to any of them through use of the slide.

At 8 a.m. the following morning, before departing for California, Susan and her brother again went swimming. They swam for about one-half hour when Susan decided again to

use the slide. She tested the lower handrail before ascending the steps and found them to be firm. As she reached the top of the slide's ladder, the left handrail broke away and swung outward. She lost her balance and grabbed for the right handrail, which also broke and swung inward. She fell to the concrete six feet below and landed on her face. She suffered damage to her front teeth, one of which was extracted, requiring a temporary bridge and future dental work.

Following presentation of appellants' case, respondents moved for dismissal pursuant to NRCP 41(b). That motion was denied. Respondents elected to stand on that motion and presented no testimony or evidence. The jury returned a verdict in favor of appellants for $9,000. The lower court thereafter entered judgment in favor of respondents, notwithstanding that verdict, pursuant to NRCP 50(b), and dismissed the action on the ground that appellants had failed to sustain their burden of proof and that respondents did not owe appellants an absolute duty of inspection of the slide. It is from that judgment N.O.V. this appeal is taken.

The outcome of this appeal depends upon two issues:

1. What is the duty of care owed an invitee by a landowner?

2. Whether appellants established a prima facie case.

Appellants contend that Susan, as a business invitee of Westward Ho Motel, was owed a duty of ordinary care in providing premises reasonably safe for her use, and that if the motel knew, or in the exercise of reasonable care should have known, by active or constructive knowledge, of hidden, latent or concealed defects in the slide, it should have warned her. She contends she was not warned and as a result of the breach of that duty she was injured. She presented a prima facie case, and in the absence of evidence from respondents, appellants are entitled to the verdict of the jury in their favor.

Respondents, on the other hand, contend that appellants, by failing to join as defendants other potentially responsible persons such as the manufacturer and seller of the slide, could not rely upon the doctrine of res ipsa loquitur, and absent reliance on that doctrine had the burden of proving negligence against the motel by showing the motel failed to make a reasonable inspection of the slide and that if such reasonable inspection was made it would have revealed the latent defect in the handrails. Respondents assert appellants failed in making even a prima facie case, and persuaded the lower court to adopt its contention and grant the judgment N.O.V.

1. In reviewing a judgment N.O.V., the standard is the

same as when reviewing a motion for directed verdict. 5 Moore's Fed. Proc. ¶ 50.07 [2]; Bliss v. DePrang, 81 Nev. 599, 407 P.2d 726 (1965). We must view the evidence most favorably to the party against whom the judgment N.O.V. is granted. See Baker v. Simonds, 79 Nev. 434, 386 P.2d 86 (1963).

2. A landowner or possessor "must exercise ordinary care and prudence to render the premises reasonably safe for the visit" of a person invited on his premises for business purposes. Hotels El Rancho v. Pray, 64 Nev. 591, at 606, 187 P.2d 568 (1947). In Nevada Transfer and Warehouse Co. v. Peterson, 60 Nev. 87, 89 P.2d 8 (1939), the general rule was said to be that " 'an owner or occupant of lands or buildings who knows, or in the exercise of reasonable care should know, of their dangerous and unsafe condition and who invites others to enter upon the property owes to such invitees a duty to warn them of the danger, where the peril is hidden, latent, or concealed or the invitees are without knowledge thereof.' " In dealing with a hidden or latent defect as compared to an obvious danger, this court said in Worth v. Reed, 79 Nev. 351, 384 P.2d 1017 (1963), "If a peril is hidden, latent or concealed, ordinary care requires an owner, with actual or constructive knowledge of the peril, to warn the invited guest who is without such knowledge. . . . On the other hand, if the danger is 'obvious,' ordinary care does not require a warning from the owner because 'obviousness' serves the same purpose." 79 Nev. at 354. Where the danger is obvious, a plaintiff is barred from recovery, Gunlock v. New Frontier Hotel, 78 Nev. 182, 370 P.2d 682 (1962), but an invitee's knowledge of a dangerous condition may not bar recovery if his mission justifies encounter of it. Rogers v. Tore, Ltd., 85 Nev. 548, 459 P.2d 214 (1969).

Furthermore, the owner or occupier of land has a duty to an invitee to inspect the premises to discover dangerous conditions not known to him and to "take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use." Prosser, Handbook of The Law of Torts 402 (3d ed. 1964). See also 2 F. Harper & F. James, The Law of Torts § 27.12, at 1487 (1956).

Here, the swimming pool and the slide were an inducement to attract travelers to patronize the motel. The motel owed a duty to provide their patrons with a safe slide and to warn their guests of any dangers known to them in using the slide.

Their duty went further, however, and included a duty to inspect the slide for latent or concealed dangers, and if a reasonable inspection would have revealed such danger they were chargeable with constructive notice of it. Whether the motel fulfilled these duties were questions of fact to be submitted to the jury.

3.   To prevail below and to establish a prima facie case, respondents urge that appellants' evidence would have to show "(1) That the Defendant failed to make a reasonable inspection of the premises; and (2) that a reasonable inspection would have revealed the hazard." However, appellants do not claim the motel had actual notice of the defect but only constructive notice. It is a jury question whether the defect would have been discovered by reasonable inspection. Tierstein v. Licht, 345 P.2d 341, 344 (Cal.Dist.Ct.App. 1959); Stephens v. Akron Palace Theatre Corp., 5 N.E.2d 499 (Ohio Ct. App. 1936). Constructive knowledge of a latent defect can be established by circumstantial evidence. Frazier v. Yor-Way Market, 8 Cal.Rptr. 335 (Dist.Ct.App. 1960).

Reviewing the circumstantial evidence and drawing inference in this case in a light most favorable to appellants, shows that at the time of the accident Susan was 5'2" tall and weighed but 98 pounds. She tested the lower handrails, but after climbing the ladder she took hold of first the left and then the right handrail, and both gave way. The break in the handrail occurred in the place where they were attached to the slide. The slide had been in operation for a year and a half without any inspection by the motel. From that evidence, the jury could have inferred that if the motel had made a reasonable inspection of the slide they would have discovered the latent defect which caused Susan's injuries. That constructive notice of the hazard is sufficient to establish a prima facie case in favor of appellants.

Judgment N.O.V. set aside and the jury verdict in favor of appellants is reinstated. The lower court shall also reconsider assessment of trial costs.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.