MARGARET EGGERS AND HOWARD L. EGGERS, APPELLANTS, v. HARRAH'S CLUB, INC., A NEVADA CORPORATION, RESPONDENT.

No. 6027

November 25, 1970         476 P.2d 948

[Rehearing denied February 2, 1971]

*Gordon C. Shelley,* of Reno, for Appellants.

*Vargas, Bartlett & Dixon,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

On December 15, 1966, appellants, Mr. and Mrs. Eggers, were patrons at Harrah's Club at South Lake Tahoe. First having breakfast in the coffee shop, they decided to play Keno at the Orange Keno counter. After they had each played a game or two, Mr. Eggers decided it was time to leave, and stated to Mrs. Eggers, "I am going back." He then left the gaming area. However, Mrs. Eggers stayed to play another Keno ticket.

Mrs. Eggers was standing in the aisle by the Orange Keno counter, which she had termed to be quite large, waiting for the winning numbers to be posted. She admitted that the lighting was very good and further described the number of people in the club, particularly around the Keno counter, as being "very sparse, very few people." Mrs. Eggers also stated that she was anxious for the Keno game to finish, since she knew her husband was waiting.

After determining that she did not have a winning ticket, she picked up her purse, began putting on her coat, turned left and started walking in a southerly direction down the aisle. She had turned sufficiently so that she was looking in the direction in which she was walking, and later stated that she did not see anything obstructing her view.

Mrs. Eggers took between one (1) to five (5) steps before stumbling, and then traveled approximately four (4) or five (5) more steps before actually falling. Mrs. Eggers admitted that of her own personal knowledge she did not know what caused her to fall. The only reason she thought she fell over a sign, which was positioned in the aisle against the wall, was because she heard a person state, "She caught her foot on the sign over there." However, this person was not produced at the trial, nor was his identity made known. No testimony was offered at the trial of anyone who saw Mrs. Eggers fall.

The sign in question was situated against the wall of an aisle twelve (12) feet in width. The aisle is carpeted, and bordered on the west by the Orange Keno counter and on the east by a row of slot machines. The sign itself is approximately

two and one-half to three feet in width and stands as high as the average person. The sign was being used to promote a particular gaming attraction, "The World's Greatest Punchboard."

Mrs. Eggers is a woman forty-seven (47) years old, and admitted she had trouble seeing close up. She suffered a disc herniation as a result of the fall.

The district court granted respondent's motion for a directed verdict because appellants were unable to prove, nor could a valid inference be drawn, as to what caused Mrs. Eggers to fall. We have reviewed the record most favorably to appellants, and are in agreement with the lower court's determination. There was no evidence presented either directly or inferentially, tending to show negligence or fault on the respondent's part. The only fact which was proven was that Mrs. Eggers fell, with no explanation why. Rickard v. City of Reno, 71 Nev. 266, 288 P.2d 209 (1955).

This court has held before that the owner or occupant of property is not an insurer of the safety of an invitee thereon; that the mere fact there was an accident or other event and someone was injured is not of itself sufficient to predicate liability. Negligence is never presumed but must be established by substantial evidence. Gunlock v. New Frontier Hotel, 78 Nev. 182, 370 P.2d 682 (1962).

Affirmed.