LENORA HUSKETH, Plaintiff v. CONVENIENT SYSTEMS, INC., D/B/A MAYBERRY ICE CREAM SHOPPE, Defendant and Third Party Plaintiff v. FOODCRAFT EQUIPMENT COMPANY, INC., Third Party Defendant and Fourth Party Plaintiff v. L & B PRODUCTS CORPORATION, Fourth Party Defendant

No. 88

(Filed 14 July 1978)

**1. Negligence §§ 6.1, 57.2— fall from barstool—res ipsa loquitur applicable**

In an action to recover for personal injuries allegedly sustained by plaintiff when she fell from a barstool in defendant's restaurant, *res ipsa loquitur*

was applicable to the facts of the case and the trial court erred in granting a directed verdict for defendant where plaintiff's evidence showed that, as she seated herself, the rotating top of the seat "went backwards" and flipped her onto the floor, whereupon she saw the top of the stool hanging from the pedestal; seating provided for use by customers of business establishments does not ordinarily collapse in the absence of negligent construction, maintenance or inspection; and plaintiff offered evidence that defects in other stools had been discovered by cursory inspections during the weekly cleanup operations.

**2. Negligence § 56— agent's post rem statement—admissibility**

In an action to recover for personal injuries allegedly sustained by plaintiff when she fell from a barstool in defendant's restaurant where plaintiff testified that, on the day after the accident, the store manager told her that there had been problems with the stools which had been reported to the company but no corrective action had been taken, the trial court erred in limiting consideration of this evidence to corroboration or impeachment of the earlier testimony of the store manager, since evidence of *post rem* statements of an agent are competent against his principal to show knowledge, when relevant, of defective conditions.

THIS matter came before us on appeal from the decision of the Court of Appeals (35 N.C. App. 207, 241 S.E. 2d 100 (1978), *Hedrick, J., Britt, J.,* concurring; *Webb, J.,* dissenting), affirming the judgment of *Barbee, S.J.,* entered 29 September 1976, DURHAM Superior Court.

This action was commenced by plaintiff in an effort to recover damages for personal injuries allegedly suffered by her as a result of a fall from a barstool in defendant's ice cream parlor. Defendant, Convenient Systems, Inc., in its answer denied any negligence on its part and subsequently filed a third party complaint alleging that any injuries to plaintiff were caused by negligence and misrepresentations of Foodcraft Equipment Company, Inc., the supplier and installer of the stools. This third party defendant in turn filed a complaint against the manufacturer of the stools, L & B Products Corporation, alleging that the latter was responsible for any injuries to plaintiff.

At the conclusion of plaintiff's evidence at trial, defendant Convenient Systems, Inc., moved for a directed verdict pursuant to G.S. 1A-1, Rule 50. The trial court granted this motion and dismissed the action, including the third and fourth party claims. As noted above, this judgment was affirmed by the Court of Appeals, with one member of the panel dissenting.

*Powe, Porter, Alphin & Whichard, P.A., by Willis P. Whichard and Charles R. Holton, for plaintiff appellant.*

*Haywood, Denny & Miller, by George W. Miller, Jr., for defendant appellee.*

COPELAND, Justice.

The principal issue raised on this appeal is the propriety of the trial court's grant of a directed verdict against the plaintiff. For the reasons set out below, we have determined that this was error; therefore, the decision of the Court of Appeals must be reversed.

It is elementary that, in considering a defendant's motion for a directed verdict, the court must view the evidence in the light most favorable to the plaintiff, resolving all conflicts in his favor and giving the plaintiff the benefit of every inference that reasonably can be drawn in his favor. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973). Such a motion may be granted only if the evidence is insufficient, as a matter of law, to support a verdict for the plaintiff. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974).

[1] Plaintiff's evidence here tends to show the following:

On 2 September 1971, plaintiff and a friend entered the Mayberry Ice Cream Parlor in Durham to have lunch. The parlor was crowded at that time and, after waiting for a booth to become vacant, the pair elected to sit at the counter. As plaintiff seated herself on a barstool at the counter, the rotating top of the stool "went backwards" and flipped her onto the floor, where she landed on her back and buttocks. Plaintiff had observed nothing unusual about the stool before she sat on it and had seen another person sitting on it just prior to this incident. Following her fall, however, plaintiff noted that the top of the seat from which she had fallen was hanging at an angle on the pedestal.

Plaintiff, after being helped to her feet, moved to another seat at the counter and finished her lunch. Before leaving, she spoke with the store manager, who asked her to see a doctor and send the bill to the parlor.

The ice cream parlor where this accident occurred had opened in May of 1971. In midsummer of that year, the store manager had discovered during a routine cleaning that two stools at the counter were loose and had removed their tops immediately in order to prevent an accident. Workmen repaired these two shortly thereafter and inspected the remaining stools for defects. Other than weekly cleanings, the stools were not inspected between the date of these repairs and the accident.

Although he is not an insurer, it is the legal duty of the proprietor of a restaurant to exercise ordinary care to maintain his premises in such a condition that they may be used safely by his invitees in the manner for which they were designed and intended. *Sledge v. Wagoner*, 248 N.C. 631, 104 S.E. 2d 195 (1958). Moreover, invitees must be warned of any hidden dangers or unsafe conditions which have been or can be discovered by the proprietor in the course of reasonable inspection and supervision. *Long v. National Food Stores, Inc.*, 262 N.C. 57, 136 S.E. 2d 275 (1964).

Seating provided for use by customers of business establishments does not ordinarily collapse in the absence of negligent construction, maintenance or inspection. *Scheuler v. Good Friend North Carolina Corporation*, 231 N.C. 416, 57 S.E. 2d 324, 21 A.L.R. 2d 417 (1950); *Rose v. Melody Lane of Wilshire*, 39 Cal. 2d 481, 247 P. 2d 335 (1952); *See also*, Byrd, *Proof of Negligence in North Carolina, Part I. Res Ipsa Loquitur*, 48 N.C. L. Rev. 452, 459 (1970). In addition, a business proprietor retains exclusive control of such seating while it is being used by patrons for the purpose for which it was intended. *Schueler v. Good Friend North Carolina Corporation, supra; Gow v. Multnomah Hotel, Inc.*, 191 Or. 45, 224 P. 2d 552 (1950). Having established these factors, plaintiff made out a sufficient case for the jury on the issue of defendant's negligence under the doctrine of res ipsa loquitur. *O'Quinn v. Southard*, 269 N.C. 385, 152 S.E. 2d 538 (1967).

The Court of Appeals held *res ipsa* to be inapplicable to the facts of the instant case, citing *Smith v. McClung*, 201 N.C. 648, 161 S.E. 91 (1931), and *Springs v. Doll*, 197 N.C. 240, 148 S.E. 251 (1929). This finding was grounded on the conclusion by the Court of Appeals that the record was devoid of any evidence that the

stool was defective or that any existing defect could have been discovered by reasonable inspection, as well as its determination that defendant's negligence could not be said to be the more probable cause of plaintiff's fall. These observations overlook plaintiff's evidence that defects in other stools had been discovered by cursory inspections during the weekly cleanup operations. Moreover, plaintiff testified that as she seated herself, the rotating top of the seat "went backwards" and flipped her onto the floor, whereupon she saw the top of the stool hanging from the pedestal.

While not overpowering, this evidence is sufficient to support a reasonable inference that the stool was defective in some way, since properly designed and maintained counter stools, which are attached to the floor as these were, ordinarily do not tip over when sat upon by restaurant patrons. Further, a jury could reasonably find that mere weekly inspections when the pedestals were polished were insufficient to disclose defects in stools which were in constant use in a food service establishment such as this. *See, Rose v. Melody Lane of Wilshire, supra.* We therefore hold that the Court of Appeals erred in refusing to apply *res ipsa loquitur* to the facts of the instant case. Since this doctrine raises an inference of defendant's negligence, defendant's motion for directed verdict at the close of plaintiff's evidence should have been overruled.

[2] At trial, plaintiff testified on direct examination that she returned to the ice cream parlor the day after the accident to deliver her medical bill and while there was told by the store manager that "they had been having problems with the stools, and that the children came in and turned the tops. They had been having problems and she asked the company to fix them, and they hadn't done anything about them up until that time." Plaintiff contended before the Court of Appeals that the trial court erred in limiting consideration of this evidence to corroboration or impeachment of the earlier testimony of the store manager. Although plaintiff arguably failed to properly preserve this exception, we nonetheless shall consider the question since it may recur on retrial.

Evidence of *post rem* statements of an agent are competent against his principal to show knowlege, when relevant, of defec-

tive conditions. *Jones v. Raney Chevrolet Company*, 217 N.C. 693, 9 S.E. 2d 395 (1940); 2 Stansbury's N.C. Evidence (Brandis Rev. 1973), § 169, Page 18, n. 53. Because testimony concerning the statement set out above was relevant for the non-hearsay purpose of establishing that defendant was aware of continuing defects in these counter stools, it should have been admitted as substantive evidence on this issue.

We have determined that the Court of Appeals erred in affirming the judgment of the trial court granting a directed verdict for defendant; therefore, the decision of the Court of Appeals is reversed and the cause remanded for additional proceedings not inconsistent with this opinion.

Reversed and remanded.