**Allen B. MORRISON, et al., Plaintiffs,**

v.

**MGM GRAND HOTEL, et al.,
Defendants.**

**No. CV–R–81–244–ECR.**

United States District Court,
D. Nevada.

Sept. 20, 1983.

Peter Chase Neumann, Reno, Nev., for plaintiffs.

Victor Alan Perry, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff was injured during a robbery that occurred while he was a guest at the MGM Grand Hotel in Reno.[1] Defendant has moved for summary judgment, claiming that as a matter of law it was under no duty to protect the plaintiff from an unforeseeable criminal act by a third person. The Magistrate has recommended that the motion for summary judgment be granted. For the reasons explained below, the Court declines to adopt this recommendation.

## FACTS

Plaintiff Allen Morrison attended the Hotel's New Year's Party as an invited guest of the Hotel. He planned to depart the Hotel on January 2, 1981. At about 3:00 a.m. that morning, he cashed in his gambling chips and withdrew some jewelry and cash that he had stored in the Hotel's safe deposit box. He then walked to the Hotel's elevator lobby and entered an elevator. Another man followed him into the elevator, robbed the plaintiff at gunpoint immediately after the elevator doors closed, and then struck the plaintiff, leaving him unconscious.

Plaintiff alleges that the defendant negligently failed to provide adequate protection against such criminal acts. He claims that the Hotel knew that an elevator robbery had occurred relatively recently, but that it failed to take sufficient additional security precautions, or to warn him of the risk of proceeding from the safe deposit area to his room without an escort.

## ANALYSIS

■ Under Nevada law, a landowner must exercise ordinary care and prudence to render the premises reasonably safe for the visit of a person invited on his premises for business purposes. *Twardowski v. Westward Ho Motels,* 86 Nev. 784, 476 P.2d 946, 947 (1970). At the same time, the fact that a landowner is under an affirmative duty to make his premises safe for business invitees does not render him an insurer of the safety of his business invitees. *Eggers v. Harrah's Club,* 86 Nev. 782, 476 P.2d 948, 949 (1970); *Gunlock v. New Frontier Hotel,* 78 Nev. 182, 370 P.2d 682, 684 (1962). Defendant claims that *Eggers* and *Gunlock* support its position, but its reliance on these cases is misplaced. Neither case discussed the issue of a landowner's duty to business invitees. Instead, the decisions were based on the failure of the plaintiffs in both cases to produce any evidence of negligence on the part of the defendants.[2]

Defendant also claims that "as a basic principle of law, a business owner has no duty to protect one on his premises from a criminal attack by a third person." The cases cited by the defendant, however, tend to contradict this position. For example, *Relyea v. State of Florida,* 385 So.2d 1378, 1382 (Fla.App.1980), recognized that "[i]f . . . the criminal attack is reasonably foreseeable, a duty may arise between a landowner and his invitee." *Id.* at 1382.[3] *Totten v. More Oakland Residential Housing, Inc.,* 63 Cal.App.3d 538, 540, 134 Cal.Rptr. 29 (1977), pointed out that "[a] special relationship giving rise to [a duty to protect

1. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

2. As the *Gunlock* court stated, in the absence of negligence "[t]he mere fact that there was an accident . . . and someone was injured is not of itself sufficient to predicate liability." 370 P.2d at 684.

3. In *Relyea,* the plaintiff failed to allege or prove any prior similar incidents of criminal activity that would have made future incidents foreseeable, put the landowner on notice, and give rise to a duty to protect. *Id.* at 1383.

another from a criminal attack by a third person] does ... exist, for example, between ... innkeeper-guest [and] landowner-invitee." *Id.* 63 Cal.App.3d at 541–42, 134 Cal.Rptr. at 32.[4]

■ Notwithstanding the existence of a special relationship, the duty of a landowner to take affirmative action to control the wrongful acts of third persons arises only where he "has reasonable cause to anticipate such acts and the probability of injury resulting therefrom and fails to take affirmative steps to control the wrongful conduct." *Id.* at 542, 134 Cal.Rptr. at 33 (emphasis omitted). In *Totten,* the court held that the plaintiff had failed to allege sufficient facts indicating that the defendant could reasonably have foreseen or anticipated the criminal conduct in question. Instead, there were only "general allegations" that the apartment building was in a high crime area where violent crimes repeatedly occurred. *Id.* at 543, 134 Cal.Rptr. at 33.[5]

■ In the present case, viewing the evidence in a light most favorable to the plaintiff, *Stephenson v. Calpine Conifers,* 652 F.2d 808, 813 (9th Cir.1981), the Court finds that plaintiff has made a sufficiently specific allegation that the defendant could reasonably have foreseen or anticipated the criminal conduct in question. Plaintiff has alleged that defendant was on notice that a similar elevator robbery had recently occurred in its hotel, but that it failed to take appropriate safety measures in response to that incident. Under these circumstances, the Court finds that a duty existed. The reasonableness of the defendant's efforts to discharge this duty is an issue that should be evaluated by the trier of fact, and summary judgment is therefore inappropriate at this stage of the proceedings.

4. The *Totten* court's decision for the defendant was based on the fact that the plaintiff was a social guest and not an invitee, so that no special relationship existed. *Id.* 63 Cal.App.3d at 543, 134 Cal.Rptr. at 33.

5. *Totten* was cited in the recent Nevada case of *Montgomery v. Royal Motel,* 98 Nev. ——, 645 P.2d 968 (1982). In *Montgomery,* the plaintiffs

IT IS, THEREFORE, HEREBY ORDERED that defendant's motion for summary judgment is DENIED.

were assaulted and robbed in a room they had rented from the defendant motel. While the Court held that the defendant was not liable, its decision was based on the fact that, as in *Totten,* the plaintiffs "failed to present sufficient and specific facts that [defendant] could reasonably foresee or anticipate the criminal conduct in question." 645 P.2d at 970.