Sheila S. HULL

v.

The L. & A. MONTAGNARD
SOCIAL CLUB, INC.

Supreme Judicial Court of Maine.

Argued May 8, 1984.

Decided Oct. 4, 1985.

Platz & Thompson, P.A., Paul S. Douglass (orally), Lewiston, for plaintiff.

Thomas M. Mangan (orally), Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and GLASSMAN, JJ.

NICHOLS, Justice.

On this appeal from a judgment returned against it in Superior Court (Androscoggin County), the Defendant, the L. & A. Montagnard Social Club, Inc., challenges upon what must be an obvious error basis the Superior Court's application of the doctrine of res ipsa loquitur to the facts of this case and further contends that the evidence was insufficient to support the jury verdict for the Plaintiff, Sheila S. Hull.

We affirm the judgment below.

The Defendant is a private social club that, among other activities, operates beano games in its building on Maple Street in Lewiston. On April 25, 1980, the Plaintiff entered the Defendant's establishment and purchased a beano card. When she proceeded to sit on one of the metal chairs provided by the Defendant for beano players, the chair gave way under her, causing her to fall to the floor. She heard something snap and saw a bolt go flying onto the floor. As the chair collapsed, it struck her in the lower spine. She was subsequently treated by an orthopedist, who diagnosed her injury as a ruptured disc caused by this abrupt fall.

The Plaintiff brought this negligence action, which was tried to a jury on March 22–23, 1983. There the Plaintiff offered evidence concerning her injury and the circumstances surrounding it. She also introduced the dissevered bolt, which showed signs of metal stress. The Club's president indicated that the broken chair was at least thirty years old and testified that all the Club's chairs were inspected every six months. Neither party offered evidence as to what caused the chair to collapse when it did.

The Superior Court instructed the jury concerning res ipsa loquitur, without incurring an objection.[1] The jury returned a verdict for the Plaintiff, awarding damages in the amount of $8,500. The Defendant failed to move for a directed verdict at the close of the evidence and to object to the instruction.

■ The errors now asserted not having been preserved at trial, our review on this appeal is limited to determining whether they deprived the Defendant of a fair trial and worked an injustice. *Dongo v. Banks*, 448 A.2d 885, 889 (Me.1982).

■ The court's instruction was consistent with the traditional requirements of res ipsa loquitur. *See, e.g., Pratt v. Freese's, Inc.*, 438 A.2d 901, 903–04 (Me.1981). *Stodder v. Coca-Cola Bottling Plants, Inc.*, 142 Me. 139, 142, 48 A.2d 622, 624 (1946).

However, we have modified these requirements by adopting the standards for res ipsa loquitur set forth in the Restatement of the Law (Second) of Torts § 328D (1965):

"(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) *other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence;* and

---

**1.** The trial court asked counsel if there were any objections to the instructions. Counsel for the Defendant responded: "Okay, the only thing I want to object would be the matter of the pain and suffering not being attributed to the negligence of the Defendant [sic]. I think that the Court laid very heavily on the pain and suffer- ing but didn't indicate it had to be caused as a result of the accident which would be the negligence of the Defendant in the first place." This statement cannot be characterized as a distinct objection to res ipsa loquitur instructions. M.R. Civ.P. 51(b).

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff." (Emphasis added).

*Ginn v. Penobscot Co.*, 334 A.2d 874, 880 (Me.1975). To be consistent with these standards, the Superior Court should have instructed the jury that it would have to find additionally that other responsible causes of the collapse of the chair had been eliminated by the evidence before it could infer that the Defendant was negligent.

This deviation from the standards we have approved does not constitute obvious error, however. In many jurisdictions courts have permitted or required res ipsa loquitur instructions with no qualification that all other causes of the harmful event be eliminated by the evidence on acts virtually identical to those in the case at bar. *See, e.g., Rose v. Melody Lane of Wilshire*, 39 Cal.2d 481, 247 P.2d 335 (1952); *Couris v. Casco Amusement Corp.*, 333 Mass. 740, 133 N.E.2d 250 (1956); *Tuso v. Markey*, 61 N.M. 77, 294 P.2d 1102 (1956); *Wheeler v. Corner*, 84 S.D. 287, 170 N.W.2d 883 (S.D.1969). Furthermore, we note that the most significant alternative explanation for the collapse of the chair— that the Plaintiff herself was negligent— was plainly eliminated by the evidence. The evidence was clear and uncontroverted that all the Plaintiff did was to attempt in an ordinary manner to sit on this chair.

If the trial court's instructions on res ipsa loquitur were not obvious error, then the jury's reliance on those instructions in finding the Defendant liable cannot be characterized as obvious error.

■ Having failed to make a timely motion for a directed verdict at the close of all the evidence pursuant to M.R.Civ.P. 50(a), the Defendant failed to preserve an issue of sufficiency of the evidence. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 50.1 at 663 (2d ed. 1970).

The entry is:

Judgment affirmed.

All concurring.