AUDREY JUDSON, Appellant, v. CAMELOT FOOD, INC., dba ROUNDTABLE PIZZA; ED VARGO, Individually and Doing Business as DESIGN SERVICES; ROBERT DULIK, Individually and Doing Business as HACKMILL PRODUCTS, Respondents.

No. 18243

June 30, 1988                                        756 P.2d 1198

*Kenneth J. Jordan,* Carson City, for Appellant.

*Beckley, Singleton, DeLanoy, Jemison & List* and *Stephen S. Kent; Shamberger, Georgeson, McQuaid & Thompson; Erickson, Thorpe, Swainston & Cobb,* Reno, for Respondents.

## OPINION

By the Court, STEFFEN, J.:

The facts of the instant case are straightforward and undisputed. On the evening of March 16, 1985, appellant Audrey Judson, her husband, and another married couple entered the Roundtable Pizza restaurant in Carson City, Nevada, to have dinner. A few minutes after the four were seated at a table, Mr. Judson arose and suddenly, without warning, the wooden bench upon which Mrs. Judson was seated collapsed and broke into two pieces. It is not known what caused the bench to break, nor is it likely that the cause can ever be determined because a day or two after the accident employees of the restaurant disposed of the bench.

Audrey Judson brought the instant action against Camelot Food, Inc., dba Roundtable Pizza (Roundtable) for injuries she sustained in the accident. The district court granted Roundtable summary judgment, finding that (1) Judson "offered no evidence with respect to any defect in the bench or any evidence that Defendants had notice of any problems or that Defendant's acts were anything other than that of a reasonably prudent person," and (2) Judson failed to present facts sufficient to entitle her to rely upon the doctrine of res ipsa loquitur.

### Discussion

On appeal, Audrey argues that the district court erred in granting summary judgment because a genuine issue of fact

remains as to whether Roundtable acted reasonably in inspecting its benches for defects. She also claims the district court erred in not allowing her to rely upon the doctrine of res ipsa loquitur.

Summary judgment is appropriate where the pleadings, answers to interrogatories, admissions and affidavits on file, show that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Bird v. Casa Royal West, 97 Nev. 67, 69-70, 624 P.2d 17, 18 (1981). In its order granting summary judgment, the district court noted that Audrey offered no evidence that Roundtable's acts were unreasonable or imprudent; and based upon Roundtable's evidence, the latter's inspection of its benches was reasonable. We note, however, that Roundtable's claim, that its bench inspection was reasonable, was based solely on the deposition of Roundtable's manager, Lisa Mead. In her deposition, Mead testified that she inspected all the benches weekly for signs of damage or deterioration and that she never noted any signs of damage. Audrey claims that even if Mead inspected the wooden benches weekly, a question of fact exists as to whether the inspections were done in a reasonable manner. We agree.

In Twardowski v. Westward Ho Motels, 86 Nev. 784, 476 P.2d 946 (1970), a child was injured on a swimming pool slide when the handrails on the ladder collapsed, causing her to fall onto the cement. In discussing the duty of care of the motel-landowner, we noted:

> The motel owed a duty to provide their patrons with a safe slide and to warn their guests of any dangers known to them in using the slide. Their duty went further, however, and included a duty to inspect the slide for latent or concealed dangers, and if a reasonable inspection would have revealed such damages they were chargeable with constructive notice of it. *Whether the motel fulfilled these duties were questions of fact to be submitted to the jury.*

86 Nev. at 787-88, 476 P.2d at 948 (emphasis added). An analogous case is Pierson v. Seale, 128 So.2d 887 (Fla.App. 1961). Pierson brought an action against a restaurant for injuries he received when a booth bench he was sitting on collapsed. As part of his complaint Pierson alleged that the restaurant failed in its duty to properly inspect the bench. The trial court granted summary judgment for the restaurant. In reversing, the appellate court noted:

> Appellant contended that the showing as to inspection was insufficient, and that such issue was not resolved. *Appellees argued that the deposition of one of the defendants established beyond issue that the duty to inspect was performed.*

. . . We hold that those uncontroverted facts are not sufficient, under the circumstances of the injury in this case, to amount to a conclusive discharge as a matter of law of the duty to inspect. *There were genuine triable issues as to whether a proper and adequate inspection, if made by defendants, could and should have disclosed the alleged defective condition of the booth bench, and, if so, whether such an inspection was made.*

128 So.2d 888 (emphasis added).

In the instant case, relying exclusively upon the deposition of its manager, Roundtable argues that there is no issue of fact as to whether the manager's inspections were reasonable. We disagree. Whether Roundtable's inspection was reasonable, and should have revealed the defective condition of the bench, are properly questions of fact to be submitted to the jury. These questions are especially triable issues where, as here, the respondent Roundtable disposed of the bench causing the harm and thus made it unavailable for inspection.[1] Summary judgment, therefore, was improperly granted.

Audrey's second point is that the district court erred in not allowing her to rely upon the doctrine of res ipsa loquitur. We agree and hold that the facts of the instant case present the type of situation to which the doctrine of res ipsa was intended to apply.

In Otis Elevator Co. v. Reid, 101 Nev. 515, 706 P.2d 1378 (1985), we held that, "A res ipsa inference of negligence is permitted when one entity is shown to be in exclusive control of the instrumentality causing harm, where the accident is one that does not ordinarily occur in the absence of negligence, and where the defendant is in a better position to explain the cause of the accident." 101 Nev. at 519, 706 P.2d at 1380. In the instant case, the court stated that Audrey failed to make a showing that her injury was caused by some act or omission incident to Roundtable's management and therefore Audrey was precluded from relying upon res ipsa. As authority for this proposition, Roundtable relies upon the court-approved jury instruction in *Otis* which stated in pertinent part:

It is a rule of law that negligence may be established without proof of specific acts or omissions . . . if you find from the evidence the following:

---

[1] Since Roundtable was responsible for rendering the broken bench unavailable for inspection, we also reject Roundtable's argument that summary judgment was proper because Audrey failed to identify any specific defect in the bench. Obviously, due to the bench's destruction, Roundtable has made it impossible for Audrey to identify any defect in the bench.

. . . that the injury was caused by some act or omission incident to defendant's management.

However, in *Otis,* after enunciating the three elements requisite to a res ipsa inference of negligence, we noted that, *"Proof of exclusive control,* the first element listed above, *substitutes for proof of the specific act constituting the breach when the latter two elements are also satisfied."* 101 Nev. at 519, 706 P.2d at 1380 (emphasis added). Consequently, pursuant to the facts of the instant case, Audrey should have been allowed to place the issue of res ipsa before a jury.

First, Roundtable presents no argument that it is *not* in a better position than Audrey to explain the cause of the accident. It seems self-evident that a restaurant is in a better position than its customers to explain the cause of one of its seats collapsing without warning. As far as selection, maintenance, and inspection of its seats are concerned, the restaurant has exclusive control. Second, seats designed for use by patrons of commercial establishments do not ordinarily collapse without negligence in their construction, maintenance, or use. Husketh v. Convenient Systems, Inc., 245 S.E.2d 507, 509 (N.C. 1978).[2]

Finally, we reject Roundtable's contention that it was not in the "exclusive control" of its benches. A business proprietor retains exclusive control of seating while it is being properly used by patrons. While it has been argued that a restaurant loses "exclusive control" over a seat when it is used by a customer—and one court has so held (Kilgore v. Shephard Co., 158 A. 720, 721 (R.I. 1932))—this argument has been soundly criticized.[3] For example, in Rose v. Melody Lane of Wilshire, 247 P.2d 335 (Cal. 1952), plaintiff brought an action for personal injuries sustained when the stool on which he was sitting in defendant's cocktail lounge collapsed. In holding that plaintiff was entitled to rely upon res ipsa, the *Rose* court noted:

---

[2]Rose v. Melody Lane of Wilshire, 247 P.2d 335, 338 (Cal. 1952). *See* Gow v. Multnomah Hotel, 224 P.2d 552 (Or. 1950); Gross v. Fox Ritz Theatre Corp., 55 P.2d 227 (Cal. 1936); Micek v. Weaver-Jackson Co., 54 P.2d 768 (Cal. 1936); and Billroy's Comedians v. Sweeney, 37 S.W.2d 43 (Ky. 1931).

[3]As observed in Prosser on Torts:

> [T]he strict and literal application of the formula ["exclusive control"] has led some courts to ridiculous conclusions, requiring that the defendant be in possession at the time of the plaintiff's injury—as in the Rhode Island case denying recovery where a customer in a store sat down in a chair, which collapsed. Of course this is wrong; it loses sight of the real purpose of the reasoning process in attempting to reduce it to a fixed, mechanical and rigid rule. "Control," if it is not to be pernicious and misleading, must be a very flexible term. W. Keeton, Prosser and Keeton on Torts, 249-50 (5th ed. 1984).

Defendant and its agents were in exclusive control of the stool up to the time plaintiff sat upon it. It is true that in one sense plaintiff was in control of the stool while he was using it. . . . Such a view is artificial and ignores the purpose of the requirement that Defendant have exclusive control. . . . Here it was the condition of the stool, not the use made of it, that was responsible for the fall. Plaintiff had done no more than sit upon it when it gave way, and there is no suggestion that his conduct was improper. So far as construction, inspection, or maintenance of the stool were concerned, defendant had exclusive control.

247 P.2d at 338. *See* Gresham v. Stouffer Corp., 241 S.E.2d 451 (Ga.App. 1978) (where clear from the record that defendant owned and operated a restaurant and furnished chair to business invitee, jury authorized to conclude that defendant was in full control of chair). In the instant case, the inspection and maintenance of the benches were in the exclusive control of Roundtable. There is nothing in the record to suggest that Audrey's conduct or use of the bench was improper.

Accordingly, it was error for the district court to deny Audrey an opportunity to rely upon the doctrine of res ipsa; the facts of the instant case present the type of situation to which the doctrine of res ipsa was intended to apply.[4] Because genuine issues of fact remain and Audrey was entitled to rely upon res ipsa, we reverse the summary judgment and remand the case for trial.

GUNDERSON, C. J., and YOUNG and MOWBRAY, JJ., concur.

SPRINGER, J., dissenting:

I am not disposed to overturn the trial court's judgment in this case. Audrey Judson was injured when she sat on a bench that

---

[4]Allowing a res ipsa theory under the type of facts in the case at bar finds wide support in other jurisdictions. *See e.g.,* Hull v. L. & A. Montagnard Social Club, Inc., 498 A.2d 597 (Me. 1985) (despite neither defendant nor plaintiff offering evidence as to what caused metal chair to collapse, causing plaintiff injury, case was proper for res ipsa instruction to jury); Gresham v. Stouffer Corp., 241 S.E.2d 451 (Ga.App. 1978) (where plaintiff was injured when his chair collapsed at defendant's restaurant and he presented no evidence of any specific instance of negligence by the restaurant, it was error for the trial court to hold that res ipsa did not apply); Husketh v. Convenient Sys., Inc., 245 S.E.2d 507 (N.C. 1978) (where plaintiff injured due to collapse of defendant's bar stool in ice cream parlor, case was sufficient for res ipsa doctrine); Sweet v. Swangel, 166 N.W.2d 776 (Iowa 1969) (res ipsa applicable in situation where plaintiff was injured when chair in which he was sitting in his motel room collapsed); Wheeler v. Corner, 170 N.W.2d 883 (S.D. 1969) (even though alleging specific acts of negligence, plaintiff entitled to rely on res ipsa where she sustained injuries when foot rest of stool gave way and stool tipped over). *See also,* Tuso v. Markey, 294 P.2d 1102 (N.M. 1956); Rose v. Melody Lane of Wilshire, 247 P.2d 335 (Cal. 1952).

collapsed underneath her. In reference to the bench, an independent witness testified that a wooden member "just snapped," "broke right in half," thereby plummeting Audrey Judson to the floor.

There is nothing in the record to show that the restaurant had anything to do with the snapping wood, nothing to show that inspection, repair, maintenance or other activity on the part of Roundtable management would have or could have kept the wooden bench from snapping and breaking right in half.

Audrey Judson may have an action of some kind against the designer or manufacturer or supplier of the bench, but I agree with the trial court that there is nothing in the record to support a negligence action against the restaurant. To the contrary, it is undisputed that Roundtable reasonably and regularly inspected all benches on the premises. In all probability, the type of product defect involved here could have been discovered only by some kind of refined engineering or material analysis not normally a part of a restaurant operation. The fact that the bench is no longer available for inspection might have an adverse effect on a products liability claim against the designer, manufacturer or supplier of this bench, but I cannot see the loss of the bench as substantially prejudicing Audrey Judson's case against Roundtable, absent a showing of intentional wrongdoing on its part.

Finally, I do not see this as a res ipsa loquitur case. As stated in American Elevator Co. v. Briscoe, 93 Nev. 665, 669, 572 P.2d 534, 537 (1977), the plaintiff "must at least show that it is more probable than not that the injury resulted from defendant's breach of duty." As I see it, it is not at all probable that Audrey Judson's injuries were caused by Roundtable's negligence; in fact, it is highly *improbable* that any claimed failure of Roundtable to inspect the bench or any other fault of Roundtable's contributed to this injury.

As we have stated in previous cases, "the owner or occupant of property is not an insurer of the safety of an invitee thereon; that the mere fact there was an accident or other event and someone was injured is not of itself sufficient to predicate liability. Negligence is never presumed but must be established by substantial evidence." Eggers v. Harrah's Club, Inc., 86 Nev. 782, 784, 476 P.2d 948, 949-50 (1970) (citation omitted). Thus, merely showing that the bench collapsed is insufficient, without more, to establish a breach of Roundtable's duty to provide reasonably safe business premises to its customers. I would affirm.