NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAJOY WATSON, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> DOLGEN MIDWEST, LLC, doing business as Dollar General Corporation, <br><br> Defendant - Appellee. | No. 23-4081 <br><br> D.C. No. 2:22-cv-00648-APG-NJK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted December 6, 2024
San Francisco, California

Before: BRESS and FORREST, Circuit Judges, and OHTA, District Judge.[**]

In this slip-and-fall case involving significant personal injuries, Plaintiff

LaJoy Watson appeals from (1) the district court's grant of summary judgment in

favor of Defendant Dolgen Midwest, LLC, dba Dollar General ("Dollar General")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jinsook Ohta, United States District Judge for the Southern District of California, sitting by designation.

and (2) the district court's denial of Watson's motion to certify questions to the Supreme Court of Nevada. On appeal, Watson also renews her motion to certify questions to the Supreme Court of Nevada.

We review the district court's summary judgment ruling *de novo*, and its denial of Watson's certification motion for abuse of discretion. *Zeyen v. Bonneville Joint Dist., #93*, 114 F.4th 1129, 1136 (9th Cir. 2024); *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1009 (9th Cir. 2009). We discuss each ruling in turn below.

1. The district court erred in granting summary judgment in favor of Dollar General based on its finding that no reasonable jury could find Dollar General had constructive notice of the spill.

Under Nevada law, a plaintiff can establish constructive notice by showing the hazard in question would have been revealed via a "reasonable inspection" and that the defendant failed to conduct such an inspection. *Twardowski v. Westward Ho Motels, Inc.*, 476 P.2d 946, 948 (Nev. 1970). Nevada law prescribes that the question of whether a business had constructive notice of a hazard is generally a question of fact properly left for the jury. *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 323 (Nev. 1993).

Here, there was evidence in the record that (1) the spill was on the floor for approximately seven minutes, (2) Dollar General's employees had not conducted

an inspection to check for hazards for over an hour prior to the spill, (3) Dollar General's employees failed to comply with Dollar General's internal policy requiring employees to conduct a sweep of the store aisles every 30 to 60 minutes, and (4) the spill was visible in the center of a regularly trafficked aisle of the store. Based on the above, there is a material dispute of fact for the jury to resolve concerning whether Dollar General had constructive notice of the spill. *Twardowski*, 476 P.2d at 948. We reject Dollar General's argument that the spill would not have been detected if the regular store sweeps had been conducted, because, in this case, Dollar General failed to conduct these regular sweeps on the day in question. The reasonableness of Dollar General's inspections, or lack thereof, and their causal effect on plaintiff's injuries, is a question for the jury. For these reasons, we reverse the district court's grant of summary judgment and remand for further proceedings consistent with this disposition. *See Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1221 (9th Cir. 1999) ("Summary judgment is not proper if material factual issues exist for trial.").

2.      The district court did not abuse its discretion in declining to certify Watson's questions to the Supreme Court of Nevada.

In determining whether to certify a question to a state supreme court, we consider the following factors: "(1) whether the question presents 'important public policy ramifications' yet unresolved by the state court; (2) whether the issue

3                                                                        23-4081

is new, substantial, and of broad application; (3) the state court's caseload; and (4) the 'spirit of comity and federalism.'" *Glacier Bear Retreat, LLC v. Dusek*, 107 F. 4th 1049, 1052−53 (9th Cir. 2024) (citations omitted).  Here, the district court correctly analyzed the degree to which Watson's two questions were new and unresolved in relation to existing Nevada case law.  The district court thus did not abuse its discretion in denying Watson's certification motion.  *See Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003) (holding the district court did not abuse its discretion in denying a motion to certify where the lower court looked to other relevant state law cases).

3.      We deny Watson's renewed certification motion because Nevada law is sufficiently clear on the issues presented.  *See Riordan*, 589 F.3d at 1009 (denying a renewed motion to certify where the state law was sufficiently clear); *Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974) (explaining that "mere difficulty" in ascertaining the meaning of state law is not a proper ground for certification).

In sum, we **REVERSE** the district court's grant of summary judgment and **REMAND** the case to the district court for further proceedings.  We also **AFFIRM** the district court's denial of Watson's certification motion and **DENY** Watson's renewed certification motion.  The parties shall bear their own costs on appeal.

4                                                    23-4081