## 54665. GRESHAM v. STOUFFER CORPORATION.

BANKE, Judge.

The plaintiff was seated at the defendant's restaurant attending a meeting of the Optimists Club when his chair collapsed. He brought this suit to recover for the resulting personal injuries and other related damages. The trial court directed a verdict against him, whereupon he filed this appeal.

The plaintiff presented no evidence at trial of any specific instances of negligence on the part of the defendant in keeping the premises safe for its customers. Instead, he simply showed that the chair had collapsed under him, relying on the doctrine of res ipsa loquitur to reach the jury.

"The expression 'res ipsa loquitur' means that the transaction speaks for itself. It is a rule of evidence which

allows an inference of negligence to arise from the happening of an event causing an injury to another where it is shown that 'the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage,' and 'the accident was of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence.' *Chenall v. Palmer Brick Co.*, 117 Ga. 106, 109 (43 SE 443). The rule is one of necessity in cases where there is no evidence of consequence showing negligence on the part of the defendant." *Parker v. Dailey*, 226 Ga. 643, 645 (177 SE2d 44) (1970).

The trial court ruled that the doctrine could not apply in this case due to the absence of any evidence that the defendant "owned, operated, and maintained, or controlled and was responsible for the management and maintenance" of the chair. We cannot agree that this fact was not established, and we therefore reverse. It is clear from the record that the defendant owned and operated the restaurant. It is also clear that the chair was furnished by the restaurant to the plaintiff for his use as a business invitee. Under these circumstances, a jury would be authorized to conclude that the chair was in the full control of the defendant and that the defendant was responsible for its maintenance. Accordingly, a jury would be authorized to infer negligence from the evidence that the chair collapsed during ordinary use by the plaintiff. See Raffa v. Central School Dist., 227 NYS2d 723 (App. Div., 1962); Tuso v. Markey, 61 N. M. 77 (294 P2d 1102); Van Staveren v. F. W. Woolworth Co., 29 N.J. Super. 197 (102 A2d 59) (1954); Rose v. Melody Lane of Wilshire, 39 Cal. 2d 481 (247 P2d 335) (1952).

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

Argued October 11, 1977 — Decided January 5, 1978— Rehearing denied January 23, 1978 — ▉

*William F. Lozier,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, Warren C.*

*Fortson, Harold A. Horne, Jr.,* for appellee.