757 P.2d 120

**Virginia L. McDONALD,**
**Plaintiff–Appellant,**

**v.**

**SMITTY'S SUPER VALU, INC., a**
**Delaware corporation,**
**Defendant–Appellee.**

**No. 1 CA–CIV 9301.**

Court of Appeals of Arizona,
Division 1, Department B.

June 21, 1988.

**317**

Holloway & Thomas, P.C. by Paul W. Holloway, and Nicholas E. Vakula, Phoenix, for plaintiff-appellant.

Jennings, Strouss & Salmon by H. Christian Bode, and Jefferson L. Lankford, Phoenix, for defendant-appellee.

## OPINION

FIDEL, Judge.

Plaintiff Virginia L. McDonald appeals from the trial court's dismissal by summary judgment of her claims of negligence against the defendant. The main issue on appeal is whether the trial court erroneously ruled the doctrine of *res ipsa loquitur* inapplicable.

### Facts

The facts are undisputed. Plaintiff entered a store owned by defendant Smitty's Super Valu, Inc., on November 18, 1983, to drink a cup of coffee. She took a seat on a counter stool perched on a supporting pole. As she sat at the counter for fifteen or twenty minutes, she noticed nothing abnormal about the stool. Then, as she leaned against its backrest to seek the attention of a passing friend, her stool left its pole, casting her backward to the floor.

The Smitty's stools were installed in 1966 by Arizona Booth and Fixtures Mfg. Corp. However, some of Smitty's stools were removed for "reupholstery/repairs" by the M.W.M. Corporation in August and November of 1983, and Smitty's acknowledges that the plaintiff's stool was among them. Affidavits by two regular counter customers established the absence and return of plaintiff's stool shortly before the accident, suggesting that it was one of the November repair group. The record does not show what precisely caused the stool to fall.

Plaintiff filed suit against Smitty's, Arizona Booth Fixtures Mfg. Corp., and M.W.M. Corporation, asserting various counts of negligence and strict liability. Summary judgment was granted in favor of Arizona Booth, and plaintiff voluntarily dismissed her claims against M.W.M. Corporation, leaving Smitty's as the lone defendant.

Smitty's then sought summary judgment on all claims. Because plaintiff conceded her strict liability claim, we do not consider whether the lunch counter seller of a cup of coffee is strictly liable for providing an unsafe stool to drink it on. Plaintiff maintained the validity of her negligence claim, asserting as a material question of fact whether Smitty's knew or should have discovered the dangerous condition of the stool. Additionally, plaintiff invoked the doctrine of *res ipsa loquitur* as entitling her to submit her case to a jury in the absence of proof of the precise nature of that condition.

The trial court granted Smitty's motion, finding no evidence that Smitty's breached a duty to the plaintiff. Additionally, finding that Smitty's lacked exclusive control of the stool, the court ruled *res ipsa loquitur* inapplicable. The court stated:

> [I]t appears clear that Smitty's did not have exclusive control over maintenance of the seating since M.W.M. Corporation did repair work on chairs during November 1983 before this incident occurred. Without exclusive control, the doctrine of *res ipsa loquitur* does not apply.

Plaintiff appeals from the trial court's dismissal of her negligence claim.

### Duty

 A person's status as invitee, licensee, or trespasser determines the duty of care a landowner owes him. *Robles v. Severyn*, 19 Ariz.App. 61, 63, 504 P.2d 1284, 1286 (1973). Plaintiff was a business invitee. An Arizona business owner owes its invitees a duty to maintain its premises in a reasonably safe manner. *Nicoletti v. Westcor*, 131 Ariz. 140, 142, 639 P.2d 330, 332 (1982). This duty entails reasonable inspection to discover dangerous conditions. *Gee v. Salcido*, 2 Ariz.App. 280, 282, 408 P.2d 42, 44 (1966). A proprietor has a greater duty to discover dangerous conditions than an invitee, who is entitled to assume that the premises are reasonably safe. *Heth v. Del Webb's Highway Inn*, 102 Ariz. 330, 333, 429 P.2d 442, 445 (1967); *Glowacki v. A.J. Bayless Markets*, 76 Ariz. 295, 306, 263 P.2d 799, 806 (1953).

Thus, Smitty's clearly owed a duty to the plaintiff. Smitty's argument to the contrary is an instance of confusing "the existence of a duty" with "specific details of conduct." *Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 355, 706 P.2d 364, 367 (1985).

> These details of conduct bear upon the issue of whether the defendant who does have a duty has breached the applicable standard of care and not whether such a standard of care exists in the first instance.

*Id.* We turn to the question whether the plaintiff's evidence raises a jury issue of defendant's breach of the applicable standard of care.

### Breach

 To establish a proprietor's liability for injuries arising from a dangerous condition of the premises, an invitee must prove either that the dangerous condition was caused or permitted to develop by persons for whom the proprietor was responsible or that the proprietor had actual or constructive knowledge of its existence. Notice is proven constructively by establishing that the condition existed long enough that, in the exercise of ordinary care, the defendant should have discovered and corrected it. *Gee v. Salcido*, 2 Ariz.App. at 282, 408 P.2d at 44. *See also Tom v. S.S. Kresge Co., Inc.*, 130 Ariz. 30, 31, 633 P.2d 439, 440 (App.1981)

 We do not consider whether plaintiff might dispense with proof of actual or constructive notice in this case, as plaintiff does not cast the argument in those terms. Instead, plaintiff first contends that evidence of the stool's absence for "reupholstery/repairs" not long before her fall supports the inference that Smitty's had actual knowledge of its dangerous condition.

We cannot agree. A stool can be repaired for cosmetic defects as well as to correct dangerous conditions. Only by conjecture could a factfinder leap from the fact that Smitty's sent a stool out for unspecified repairs or reupholstery to the inference that Smitty's knew that the stool had a defect that could injure its business invitees.

Plaintiff next contends that the evidence permits the conclusion that Smitty's should have discovered the dangerous condition of the stool. To advance that argument without evidence of the dangerous condition's precise nature or cause, plaintiff invokes the doctrine of *res ipsa loquitur.* We consider whether the trial court correctly found this an inappropriate case for the application of that doctrine.

### Res Ipsa Loquitur

 *Res ipsa loquitur* is simply a rule of circumstantial inference of responsibility for an injury. *McKeever v. Phoenix Jewish Community Center*, 92 Ariz. 121, 123, 374 P.2d 875, 877 (1962). Where the prerequisite conditions exist, an inference of a defendant's negligence arises. *Capps v. American Airlines*, 81 Ariz. 232, 234, 303 P.2d 717, 718 (1956). A plaintiff who successfully avails himself of the doctrine may reach a jury without direct proof of negligence. Prosser and Keeton, *Law of Torts* § 40 (5th ed. 1984). The conditions for the

application of the doctrine have been frequently stated as follows:

 (1) The accident must be of a kind which ordinarily does not occur in the absence of someone's negligence;

 (2) It must be caused by an agency or instrumentality within the exclusive control of defendant;

 (3) It must not have been due to any voluntary [1] action on the part of the plaintiff;

 (4) Plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury.

*See, e.g., Capps,* 81 Ariz. at 234, 303 P.2d at 718.

### Likelihood Of Negligence

The trial court in this case did not find the first element lacking; such a finding, if made, would have been wrong. "Seats designed for use by patrons of commercial establishments do not ordinarily collapse without negligence in their construction, maintenance, or use." *Rose v. Melody Lane of Wilshire,* 39 Cal.2d 481, 484, 247 P.2d 335, 337 (1952). *See also Herries v. Bond Stores, Inc.,* 231 Mo.App. 1053, 1057, 84 S.W.2d 153, 155 (1935); *Gow v. Multnomah Hotel,* 191 Or. 45, 65, 224 P.2d 552, 560 (1950), *amended,* 191 Or. 45, 65, 228 P.2d 791 (1951); *Tuso v. Markey,* 61 N.M. 77, 294 P.2d 1102 (1956); *Pear v. Labiche's Inc.,* 301 So.2d 336 (La.1974); *Gresham v. Stouffer Corp.,* 144 Ga.App. 553, 241 S.E. 2d 451 (1978).

Smitty's argues that the plaintiff must rule out such alternative explanations as design defect, manufacturing defect, or metal fatigue before she is entitled to argue *res ipsa loquitur.* We disagree. If proof so precise were possible, *res ipsa* would serve little purpose. The law does not require a plaintiff to rule out every conceivable explanation other than negligence before resorting to that doctrine. In *Gresham v. Stouffer,* for example, the plaintiff, a restaurant customer, was entitled to argue *res ipsa loquitur* simply upon proving that the defendant furnished the chair she used, that "the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance" of the chair, and that the chair collapsed during her ordinary use. 144 Ga.App. at 554, 241 S.E.2d at 452. In *Herries v. Bond Stores,* the court likewise stressed that "defendant had the ownership, management and control of the chair, and had full opportunity to inspect the chair and ascertain its actual defective condition." The jury was entitled to infer that plaintiff's injury arose through negligent maintenance and inspection. 84 S.W.2d at 155.

We conclude that stools designed for the use of commercial patrons do not ordinarily separate and collapse "without negligence in their construction, maintenance, or use." *Rose,* 39 Cal.2d at 484, 247 P.2d at 337. Defendant does not claim that the plaintiff was responsible for the collapse of her stool. We turn to the issue of defendant's control.

---

1. We note that the State Bar Civil Jury Instruction Committee in 1986 issued revisions of numerous Recommended Arizona Jury Instructions (RAJI's) to accommodate changes wrought by Arizona's shift to comparative negligence upon the enactment of A.R.S. §§ 12–2501—2509 in 1984. Among the instructions revised by the committee was the RAJI Negligence 12 instruction on *res ipsa loquitur.* The committee eliminated the previously listed requirement that the jury find "the accident was not due to any negligence on the part of the plaintiff." (See footnote 2, *infra.*) The committee explained, "Under comparative negligence a plaintiff need not prove his own freedom from contributory negligence to benefit from *res ipsa.*" *See also*

Prosser and Keeton, *Law of Torts* § 39 at 254 (5th ed. 1984) ("[T]he advent of comparative fault should logically eliminate this element from the doctrine, unless the plaintiff's negligence would appear to be the sole proximate cause of the event, since comparative fault by its nature converts the plaintiff's contributing fault from its traditional function of barring liability into one of merely reducing damages.") We need not determine in the present case whether Arizona courts should adopt the view of Prosser and Keeton on this point as embodied in the 1986 RAJI Negligence 12 revision. The issue does not arise, because defendant does not claim that this accident was due to any negligence of the plaintiff.

## Control

The trial court withheld the benefit of the *res ipsa* inference from plaintiff because she found that the plaintiff did not establish Smitty's exclusive control. The court based this conclusion on the fact that the stool was repaired or reupholstered by M.W.M. Corporation shortly before the accident. This was error.

As Prosser and Keeton remind us, the element of "exclusive control" must not be hardened into a "fixed, mechanical, and rigid rule:"

'Control' if it is not to be pernicious and misleading, must be a very flexible term. It may be enough that the defendant has the right or power of control, and the opportunity to exercise it, as in the case of an owner who is present while another is driving the owner's car, or a landowner who permits visitors to come on his premises. It is enough that the defendant is under a duty which he cannot delegate to another, as in the case of a surgeon who allows a nurse to count the sponges. It is enough that the defendant shares the duty and the responsibility, as in the case of the landlord of a building from which an electric sign falls into the street.

*Id.,* § 39 at 250. *See also Restatement (Second) of Torts § 328(D) comment g (1965).*

The need for flexibility in applying the exclusive control test has been recognized by this court in *Byars v. Arizona Public Service Company,* 24 Ariz.App. 420, 426, 539 P.2d 534, 540 (1975), where we stated:

It is true that the exclusive control test is *not* one to be strictly or rigidly applied. It is flexible, as indeed the *res ipsa* doctrine itself is, and must be applied to the facts and circumstances of each case....

It has been said that the exclusive control test is merely an aid in determining whether it is more probable than not that the accident was the result of defendants' negligence.

It is uncontroverted that Smitty's owned the stool and the premises and that no one but Smitty's had the power to control the stool or authorize its use. Any delegation of temporary possession and control to M.W.M. for the purpose of repairs did not relieve Smitty's of overall responsibility for the stool. In *First National Bank of Arizona v. Otis Elevator Co.,* 2 Ariz.App. 80, 406 P.2d 430 (1965), the plaintiff was injured when elevator doors closed unexpectedly, knocking her to the ground. The bank owned and operated the elevator, but contracted with Otis Elevator Co. for construction and maintenance. The mechanism controlling the doors was accessible only to Otis employees. This court rejected the notion that the defendant lacked exclusive control for purposes of *res ipsa loquitur,* finding:

"The law does not prohibit the application of the doctrine against two or more defendants where there is joint control." *Biondini v. Amship Corporation,* 81 Cal.App.2d 751, 767, 768, 185 P.2d 94, 104 (1947).

*First National,* 2 Ariz.App. at 85, 406 P.2d at 435.

That Smitty's may have entrusted the stool to a third party for repair or reupholstering did not lessen Smitty's responsibility to its patrons to ensure that the stool was returned and installed in reasonably safe condition. In *Nownes v. Hillside Lounge, Inc.,* 179 Neb. 157, 137 N.W.2d 361 (1965), where the plaintiff was injured due to a defectively installed bar stool, the owner of the business establishment was found liable even though the stool was installed by a third party. The court noted,

The defendant could not escape liability by employing an independent contractor to make a defective installation of the bar stool. It was the duty of the defendant to keep the premises and facilities of the bar reasonably safe for the purposes for which they were to be used by its customers.

*Id.* at 160, 137 N.W.2d at 363. (Citation omitted.) Section 412 of the *Restatement (Second) of Torts* likewise provides that a property owner who has entrusted repair and maintenance to an independent contractor is not thereby relieved of his duty of care, but must ascertain whether the

property is in reasonably safe condition once the contractor's work is done.

We conclude that the trial court erred in finding the element of exclusive control inadequately established. The trial court's literal interpretation of that standard violates our *Byars* warning against its strict or rigid application, 24 Ariz.App. at 426, 539 P.2d at 540, and proves the wisdom of Prosser and Keeton's comment:

> It would be far better, and much confusion would be avoided, if the rigid 'control' test were discarded altogether, and we were to require instead that the apparent negligent cause of the accident be such that the defendant would more likely than not be responsible for it.

*Id.,* § 39 at 250–251.[2]

### The Adequacy Of Plaintiff's Investigation And Discovery

Smitty's finally argues that the plaintiff failed to establish the last *res ipsa* element —that she was in no position to show the particular circumstances which caused the stool to fall. Although plaintiff did not produce evidence to prove precisely why the stool gave way, Smitty's argues that such proof should not be assumed unavailable to her, given plaintiff's failure to show that she was incapable of inspecting or having experts inspect the stool or of otherwise securing causal information through investigation and discovery.

■ Invocation of *res ipsa loquitur* is no substitute for reasonable investigation and discovery. The doctrine may benefit a plaintiff unable directly to prove negligence; it does not relieve a plaintiff too uninquisitive to undertake available proof.

■ Conspicuously absent from Smitty's motion, however, is an indication that it has preserved the stool and pole in their immediate post-accident condition or, alternatively, that it has preserved detailed evidence of that condition. The existence of such evidence is entirely within Smitty's knowledge and control. In the absence of such assurance, Smitty's argument rings hollow. One cannot undertake examination of non-existent evidence. Moreover, because the trial court erroneously regarded the exclusive control test as dispositive, it did not examine whether the plaintiff had reasonably exhausted available evidence before turning to *res ipsa loquitur.* For these reasons, we do not affirm summary judgment on this ground.

We conclude that the trial court erroneously entered summary judgment against the plaintiff. Unless the trial court concludes upon remand—after considering the availability of evidence of the post-accident condition of the stool and pole—that the plaintiff's invocation of *res ipsa loquitur* is premature, the plaintiff is entitled to the benefit of that doctrine in resisting defendant's motion.

*Res ipsa,* of course, is no presumption; it merely permits an inference of negligence to be drawn. *O'Donnell v. Maves,* 103 Ariz. 28, 30, 436 P.2d 577, 579 (1968). The precise proof lacking in this case concerns what caused the stool's collapse. Assuming that the trial court concludes upon remand that the plaintiff is unable to produce such proof, then the plaintiff may invoke *res ipsa loquitur* to fill the gap. Building therefrom, plaintiff may argue these inferences: Either the dangerous condition arose before the stool was sent out for

---

**2.** We note that the word "exclusive" has been eliminated from the standard jury instructions in common usage in this state at least since 1970, when the Maricopa County Recommended Jury Instructions (MARJI's) were issued. MARJI Instruction 19 stated the four elements of *res ipsa loquitur* as follows:

(1) The accident occurred as a result of an instrumentality which was under the defendant's control.

(2) In the normal course of events, the accident would not have occurred in the absence of negligence on the part of the defendant.

(3) The accident was not due to any negligence on the part of the plaintiff.

(4) The plaintiff is not in a position to show the circumstances surrounding the accident.

This recitation of the elements was preserved without change in the RAJI's issued by an Arizona Supreme Court Committee on Uniform Jury Instructions in 1974. See RAJI Negligence 12 (1974). Elements one, two and four remain unchanged in the 1986 version of RAJI Negligence 12, although the previous element three was eliminated for reasons indicated in footnote 1 above.

reupholstery or repairs, or it arose in the process of repair or reinstallation. In the first event, the evidence permits the inference that the dangerous condition existed long enough that Smitty's should have discovered it through reasonable inspection and maintenance. *See Herries v. Bond Stores, Inc.,* 231 Mo.App. 1053, 84 S.W.2d 153 (1935); *Gresham v. Stouffer Corp.,* 144 Ga.App. 553, 241 S.E.2d 451 (1978). In the second event, keeping in mind Smitty's responsibility to see that the stool was safely repaired, returned and installed, *First National Bank of Arizona v. Otis Elevator,* 2 Ariz.App. 80, 406 P.2d 430 (1965); *Nownes v. Hillside Lounge,* 179 Neb. 157, 137 N.W.2d 361 (1965), the evidence permits the inference that Smitty's should have discovered the chair's condition through reasonable inspection upon the stool's return. In either event, through such a chain of inference, the plaintiff presents a submissible jury case.

Because summary judgment was erroneously entered, we reverse.

CONTRERAS, P.J., and GREER, J., concur.