942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jo Anne VILLACCI, Plaintiff-Appellant,
v.
SCOTTSDALE CONFERENCE CENTER, Defendant-Appellee.
 No. 88-2545.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1991.
Decided Aug. 21, 1991.
 
 Before POOLE, REINHARDT and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jo Anne Villacci appeals the grant of summary judgment for Scottsdale Conference Center in her negligence action against the Center.
 
 
 3
 * We view the facts in the light most favorable to the party opposing summary judgment. See Dulles v. Safeway Stores, Inc., --- Ariz. ----, 810 P.2d 627 (Ct.App.1991).
 
 
 4
 Villacci, an employee of the Mansville Corporation, was sent to Scottsdale to attend a sales meeting. The meeting was held at the Scottsdale Conference Center ("Center"). After attending meetings all day, Villacci went to the pool area of the Center to attend a buffet supper given for the meeting's attendees. She got a plate of food from the serving area and turned to locate a table where a business colleague, Carl Johnson, was sitting. To avoid a crowd of people around the buffet and bar area, Villacci selected a course of travel that took her between some tables and the swimming pool.
 
 
 5
 As she passed by one of the tables, she brushed against the back of one of the chairs at the table. She then fell into the pool. As a result of her fall, Villacci injured her right leg.
 
 II
 
 6
 The first element of a negligence cause of action is a duty or obligation "which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." Markowitz v. Arizona Parks Bd., 146 Ariz. 352, 354, 706 P.2d 364, 366 (1985). The existence of a duty is a question of law to be determined by the court. Robertson v. Sixpence Inns of America, 163 Ariz. 539, 543, 789 P.2d 1040, 1044 (1990).
 
 
 7
 A person's status as invitee, licensee, or trespasser determines the duty of care owed by a landowner. McDonald v. Smitty's Super Valu, Inc., 157 Ariz. 316, 318, 757 P.2d 120, 122 (Ct.App.1988). Here, Villacci was a customer of the Scottsdale Conference Center and was--all parties agree--a business invitee. An invitee is entitled to presume that the premises are reasonably safe. McDonald, 157 Ariz. at 318, 757 P.2d at 122.
 
 III
 
 8
 Once a duty is established, the next question is whether the landowner breached his or her duty. "The general test for whether a defendant's conduct breached the standard of care is whether a foreseeable risk of injury existed as a result of defendant's conduct." Robertson, 163 Ariz. at 544, 789 P.2d at 1045. "Where reasonable people could differ as to whether an injury was foreseeable, the question of negligence is one of fact left to the jury." Id. In making this determination, a court must consider not only the direct evidence, but the reasonable inferences that could be drawn from such evidence. See, e.g., Ofstedahl v. City of Phoenix, 129 Ariz. 85, 89, 628 P.2d 968, 972 (Ct.App.1981); Dulles, 810 P.2d 627.
 
 
 9
 Here, reasonable minds could differ as to whether the injury was foreseeable. Reasonable persons could conclude that the table and chairs were placed unreasonably close to the pool. The Center's contention that the placement of the chairs and tables was obvious to Villacci does not mandate judgment as a matter of law. Under Arizona law, a landowner is obligated to exercise reasonable care to protect an invitee even from dangers known by or obvious to the invitee if the landowner should have anticipated the harm despite such knowledge or obviousness. Martinez v. Asarco, Inc., 918 F.2d 1467, 1472 (9th Cir.1990); cf. id. at 1474 ("If a landowner can reasonably make his premises safe, and chooses instead merely to warn his invitees, does he necessarily fulfill his duty in Arizona as a matter of law? Surely not."). Thus, summary judgment on this issue was improper.
 
 IV
 
 10
 Scottsdale Conference Center also contends that summary judgment was proper because there was no showing of proximate cause as a matter of law. We disagree.
 
 
 11
 In a cause of action for negligence, plaintiff must show some reasonable connection between defendant's act or omission and plaintiff's damages or injury.... The defendant's act or omission need not be a "large" or "abundant" cause of the injury; even if defendant's conduct contributes "only a little" to plaintiff's damages, liability exists if the damages would not have occurred but for the conduct. Plaintiff need only present probable facts from which the causal relationship reasonably may be inferred.
 
 
 12
 Robertson, 163 Ariz. at 546, 789 P.2d at 1047.
 
 
 13
 Here, a reasonable jury could conclude that the table and chair arrangement was a proximate cause of Villacci's injuries. A reasonable jury could infer that Villacci's fall was caused by the table and chair arrangement, as she brushed against a chair to avoid walking too close to the pool. Accordingly, summary judgment for Scottsdale Conference Center must be reversed on this ground as well.
 
 V
 
 14
 A reasonable jury could conclude that Scottsdale Conference Center was negligent, and that such negligence caused Villacci's injury.
 
 
 15
 REVERSED and REMANDED.
 
 POOLE, Circuit Judge, dissenting:
 
 16
 I disagree with the majority's treatment of the law and facts of this case. The facts of this case do not demonstrate that the Scottsdale Conference Center breached its duty of care or proximately caused Villacci's injury.
 
 
 17
 Citing Martinez v. Asarco, Inc., 918 F.2d 1467 (9th Cir.1990), the majority now opines that reasonable persons could conclude that the table and chairs were placed unreasonably close to the pool and that the "obviousness" of the danger to Villacci does not relieve the Scottsdale Conference Center of potential liability. Martinez v. Asarco, however, is inapplicable here.
 
 
 18
 Martinez provides that a landowner is obligated to "exercise reasonable care to protect an invitee even from dangers known by or obvious to the invitee if the landowner should have anticipated the harm despite such knowledge or obviousness" (emphasis added). Martinez, 918 F.2d at 1472. However, in the present case, Villacci presented no viable evidence of any unreasonable risk of harm to her or that the Conference Center should have anticipated that she, out of all of the guests, stood in danger of such harm. Villacci testified that she had no trouble seeing where she was walking prior to her fall and that she intentionally stayed close to the back of a chair at a dinner table and away from the pool. After brushing into that chair with her thigh, she fell. She does not know whether loss of balance or what caused her to fall. Her friend Carl Johnson stated that Villacci's feet slipped under her and she fell into the pool. There is not a scintilla of evidence that the surface was wet or slippery. Neither of them saw any water on the pool deck prior to her fall. Only after her fall into the pool did Villacci see water on the pool deck. Whether that came from her splashing emergence from the pool, we have no knowledge, but no one before the occurrence stated that the area was slippery before the fall.
 
 
 19
 Finally, Villacci presented evidence that she fell after brushing into the back of a chair. She now contends that there is an inference that can be drawn that the table and chairs about two feet away from the edge of the pool created a dangerous condition which caused her to fall. However, Villacci presented no evidence why this condition caused her to fall. Moreover, this inference flies in the face of Johnson's testimony that Villacci fell because her feet slipped under her. Villacci also presented no evidence indicating that the Conference should have anticipated harm to her based on the location of the tables and chairs. Cf. Martinez v. Asarco, 918 F.2d 1472-1474. For instance, there was no evidence establishing that other people at the party or on prior occasions had fallen or come close to falling into the pool on that or on any other occasion or how the two-foot spacing created an unreasonable risk of harm.
 
 
 20
 At this point it is pure speculation as to what caused her to fall. Without some evidence as to the cause of the fall, no reasonable inferences can be drawn in light of the undisputed facts. The district court properly granted summary judgment since the plaintiff never came forward with admissible evidence generating a genuine issue for trial. Even with the benefit of the majority's creative effort, we are still left with a plaintiff's failure to carry her burden. I would affirm the district judge's ruling.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3