A94A1156. TURRY et al. v. HONG KONG DELIGHT, INC.
(449 SE2d 873)

RUFFIN, Judge.

Plaintiff, Bruce Turry, appeals the grant of summary judgment to defendant, Hong Kong Delight, Inc. ("Hong Kong Delight"). Turry contends he was injured when the sofa he was sitting on in Hong Kong Delight's restaurant collapsed. The incident occurred when Turry was waiting in Hong Kong Delight's reception area to be seated for dinner. After Turry sat down, the portion of the sofa directly below him collapsed and Turry fell through the sofa to the floor.

It is uncontroverted that the Hong Kong Delight owns and operates the restaurant. It is also undisputed that Hong Kong Delight placed the sofa in the reception area for customers waiting for a table. There is no evidence that the sofa collapsed as a result of misuse by Turry.

1. Turry contends the trial court erred in ruling the doctrine of res ipsa loquitur does not apply to this case. The doctrine "is a rule of evidence which allows an inference of negligence to arise from the happening of an event causing an injury to another. . . ." (Citations and punctuation omitted.) *Gresham v. Stouffer Corp.*, 144 Ga. App. 553, 554 (241 SE2d 451) (1978). Under the doctrine, the plaintiff must show "the defendant owned, operated, and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage, and the accident was of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence." (Citations and punctuation omitted.) Id.

In *Gresham*, the plaintiff was seated in the defendant's restaurant. He was injured when the chair on which he was sitting collapsed. The defendant owned and operated the restaurant and the chair was furnished by the restaurant for plaintiff's use as a customer. The plaintiff presented no evidence at trial of any specific instances of negligence on the part of the defendant in keeping the premises safe for its customers. Under these limited facts, the court ruled a jury would be authorized to conclude that the chair was in the full control of the defendant and that it was responsible for its maintenance.

Since Hong Kong Delight owned and operated the restaurant and provided the sofa for customers waiting for a table and the evidence presented shows Turry sat on the sofa and it collapsed, "a jury would be authorized to infer negligence from the evidence that the [sofa] collapsed during ordinary use by the plaintiff. [Cits.]" Id. Therefore, we find that the trial court erred in granting summary judgment to Hong Kong Delight.

2. Since we have determined that the trial court erred in failing to apply res ipsa loquitur, we need not consider whether Hong Kong Delight had knowledge of the defect or a duty to inspect, as further enumerated by Turry.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 12, 1994 —
RECONSIDERATION DENIED NOVEMBER 14, 1994 —

*Slater, King & Gross, Cary S. King,* for appellants.
*Bentley, Karesh & Seacrest, Gary L. Seacrest, Robin Depetrillo,* for appellee.