Sharon **CORNETTE**, Parent and Statutory Guardian of Kristy Cornette, a Minor, Appellant,

v.

**HOLIDAY INN EXPRESS; John Doe Manufacturer; John Doe Installer and John Doe Retailer, Appellees.**

No. 1999–CA–001830–MR.

Court of Appeals of Kentucky.

Oct. 20, 2000.

---

Brian Cumbo, Inez, for Appellant.

Daniel E. Murner, David W. Zahniser, Lexington, for Appellee for Holiday Inn Express.

Before BARBER, EMBERTON and GUIDUGLI, Judges.

*OPINION*

EMBERTON, Judge.

This appeal challenges the summary dismissal of appellant's action seeking damages for injuries incurred when her daughter, Kristy, was lacerated by a loosened section of a handrail while swimming in a pool operated by appellee, Holiday Inn Express. In granting appellees' motion for summary judgment, the trial court apparently concluded that appellant could not prevail, as a matter of law. She was unable to produce evidence as to the length of time the defective condition of the handrail had existed or maintenance records showing inspections on the pool portion of the premises. We are convinced, however, that under the facts such evidence is not essential to avoid summary judgment. It does not direct itself to the appropriate standard for assessing liability based upon the motel's negligence in failing to provide premises that are reasonably safe for persons invited on the property for business purposes. Accordingly, we reverse the judgment of dismissal and remand the case for further proceedings.

The facts are not in dispute. While swimming as a guest at the appellee motel, appellant's daughter cut her leg on a metal ring that had come loose from the railing on steps leading into the shallow end of the pool. Although Kristy was transported to Humana Hospital in Lexington for treatment, the cut subsequently developed into a keloid scar midway between her knee and hip which continues to be raised and unsightly. Because of this scarring, Kristy has been undergoing treatment from a plastic surgeon in an attempt to reduce the size, color and inflamed nature of the scar.

Discovery prior to appellees' initial motion for summary judgment consisted of interrogatories and a deposition of appellant. Appellees' responses to the interrogatories produced the following information: (1) the hotel was sold after the accident; (2) Lexington Pools, Inc., installed the pool; (3) Jordan Palmer was working the

front desk at the time of the accident; (4) Mike Riddle, the manager, was on the premises at the time of the accident; (5) Robert Cole made daily inspections of the pool; and (6) the ring that cut Kristy's leg was subsequently repaired. Appellees emphasize in their brief the fact that appellant, in response to questioning in her deposition as to what the motel had done wrong, stated that the desk clerk had mistreated Kristy by not being as attentive as he should have been and by not closing the pool for a long enough period after the incident. Appellees thereafter filed a motion for summary judgment arguing that because the negligence alleged by appellant in her deposition occurred after the injury, it could not have been the proximate cause of the injury. At the hearing on the motion, the trial court stated that it was hesitant to dismiss the action simply on the basis of appellant's failure to know all possible theories of recovery in her case. The trial court subsequently denied the summary judgment motion based on counsel's statement that additional discovery was necessary, giving appellant 120 days to complete discovery. Additional time was granted for appellant to depose a witness who was present when the incident occurred, as well as the current manager of the motel who testified that no maintenance records could be located for the time period in question. The trial court subsequently conducted a pretrial conference at which she granted appellees' motion for summary judgment.

Appellant's basic argument in this appeal is that the trial court, in granting summary judgment, applied the wrong standard in assessing the duty the motel owed to its guests in keeping its premises reasonably safe for use in a manner consistent with the purpose of the invitation to use its facilities. We agree.

It appears that the case was practiced by applying the standard utilized in "slip and fall" cases, that is, whether the condition causing injury existed for a sufficient period of time that in the exercise of ordinary care the motel could, or should, have discovered it in time to remedy the situation or warn its guests. Had Kristy's laceration been caused by broken glass or other foreign objects in the pool, we would agree that the "slip and fall" standard provides the appropriate inquiry. But where, as here, the instrumentality causing the injury was peculiarly within the control of the motel, its duty to its invitees goes further requiring an inspection of the premises "to discover dangerous conditions not known to him and to 'take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use.'"[1] This rationale was utilized by the Supreme Court of Nevada in reinstating a jury verdict for damages sustained by a motel guest when a handrail on a slide suddenly gave way:

> Here, the swimming pool and the slide were an inducement to attract travelers to patronize the motel. The motel owed a duty to provide their patrons with a safe slide and to warn their guests of any dangers known to them in using the slide. Their duty went further, however, and included a duty *to inspect the slide for latent or concealed dangers, and if a reasonable inspection would have revealed such danger they were chargeable with constructive notice of it. Whether the motel fulfilled these duties were questions of fact to be submitted to the jury.* (Emphasis added).[2]

The *Twardowski* analysis is in full accord with Kentucky case law on the subject of duties owed to business invitees.[3] Thus, liability in this case (as in *Twardowski* ) is predicated upon the motel's negligence in the failure to maintain its premises in a

---

**1.** *Twardowski v. Westward Ho Motels, Inc.,* 86 Nev. 784, 476 P.2d 946, 947–48 (Nev.1970), *citing* Prosser, *Handbook of the Law of Torts* 402 (3d ed.1964).

**2.** 476 P.2d at 948.

**3.** *See Lexington Country Club v. Stevenson,* Ky., 390 S.W.2d 137 (1965).

reasonably safe condition and, to that end, the motel may be charged with constructive notice of conditions that a reasonable inspection would have disclosed. We are therefore convinced that appellant's inability to obtain through discovery maintenance records that were within the control of appellees, or its successor, is certainly not fatal to her case. In fact, the negative impact of the inability to produce such records would appear to fall more heavily upon appellees' defense than upon appellant's ability to make her case.

Finally, appellees argue that this court should not consider the arguments advanced for reversal because of appellant's failure to demonstrate in her brief how the issues were preserved for review as required by CR 76.12(4)(c)(iv). We are convinced that the failure to comply with the rule is not fatal in this instance because the record consists only of a few pleadings, a few brief hearings related to the motions for summary judgment, and a few very brief depositions. Reference to the specific portion of this brief record is not essential where the propriety of summary disposition was clearly joined at every stage of the proceeding.

In summary, because we are of the opinion that appellant has produced sufficient evidence of negligence on the part of the motel to withstand appellees' motion, the summary judgment of dismissal is reversed and the case remanded for further proceedings consistent with this opinion.

ALL CONCUR.