Homer BAKER, Appellant,

v.

CAMPBELL COUNTY BOARD OF EDUCATION, Appellee.

No. 2004–CA–001928–MR.

Court of Appeals of Kentucky.

Oct. 28, 2005.

Kenneth W. Scott Florence, KY, for appellant.

Jason V. Reed, Garry L. Edmondson, Covington, KY, for appellee.

Before MINTON, SCHRODER, and TAYLOR, Judges.

## OPINION

MINTON, Judge.

Homer Baker appeals the order of the Campbell Circuit Court granting the Campbell County Board of Education's motion to dismiss.[1] Baker's suit was based upon his claim that the Board refused to hire him as punishment for his having successfully sued the Board in federal court. In dismissing the action, the circuit court correctly ruled that Kentucky does not recognize a common law cause of action for retaliatory failure to hire. We decline Baker's invitation to adopt the cause of action in Kentucky and we affirm the dismissal.

The relevant facts are largely undisputed.[2] Baker, a former teacher, was terminated from his job as a bus driver for the Board in April 2000 for allegedly coercing or inducing other bus drivers into staying home from work. Later in 2000, Baker filed an action in the United States District Court for the Eastern District of Kentucky,[3] alleging, among other things, that the Board violated his due process rights by not affording him a proper post-termination hearing. In April 2002, the Board's motion for summary judgment was denied,

---

**1.** Although the trial court styled its order as one granting the Board's motion to dismiss, it appears that the order actually granted summary judgment because the trial court's order did not recite that it had excluded the exhibits attached to Baker's response to the Board's motion to dismiss (which consisted of portions of the record in Baker's previously decided federal action). *See, e.g., Vigue v. Underwood,* 139 S.W.3d 168, 169–170 (Ky.App. 2004). ("Since the trial court apparently considered matters outside of the pleadings ... in arriving at its decision to dismiss Vigue's petition for declaration of rights, we must treat the ruling as a summary judgment.")

**2.** To the extent that any facts recited herein may be disputed, they are presented in the light most favorable to Baker, as is required in resolving a motion for summary judgment. *See Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky.1991). ("The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor.")

**3.** That federal case cause number is Civil Action No. 2000–253.

at which time the federal court explicitly found that Baker's procedural due process rights were violated when Campbell County School Superintendent Roger Brady served as Baker's post-termination hearing officer after having also previously signed Baker's letter of dismissal.[4]

Meanwhile, in July 2002, while Baker's federal case was heading toward trial, Ann Painter, Principal of A.J. Jolly Elementary School,[5] offered Baker a position as a part-time physical education teacher, an offer that Baker accepted. When Painter told Superintendent Brady of her intention to hire Baker, Brady allegedly replied, "No. [N]ot that one...." Ultimately, Baker was not hired for the part-time teacher position.

In September 2002, Baker's federal case went to trial before a jury, which found in his favor. In November 2003, before the Sixth Circuit ruled on the Board's appeal, the parties reached a settlement in which Baker received $60,000 from the Board in exchange for waiving his right to reinstatement as a bus driver.

Four months later, Baker filed this action in the Campbell Circuit Court, alleging that the Board wrongfully refused to hire him as a part-time teacher in retaliation for his federal lawsuit. Baker's amended complaint contended that "[s]uch retaliation is contrary to well defined public policy embodied in, and guaranteed by the First Amendment to the United States Constitution and by Section 1 and Section 14 of the Constitution of the Commonwealth of Kentucky." [6] In lieu of an answer, the Board filed a motion to dismiss the original complaint and a supplemental motion to dismiss the amended complaint.[7] Among the many arguments for dismissal set forth by the Board, the one the trial court relied upon was the Board's contention that Kentucky does not recognize a common law cause of action for retaliatory failure to hire.[8]

■ Before we reach the merits of Baker's appeal, we must first address the Board's contention that Baker's brief should be stricken for failure to comply with Kentucky Rules of Civil Procedure ("CR") 76.12(4)(c)(v), which requires an appellant's brief to contain a statement as to whether the arguments in the brief were preserved for appellate review.[9] Baker's

---

4. Judge Bertlesman's order states: "[T]his Court believes that Superintendent Brady was not an impartial hearing officer because he signed the plaintiff's termination letter, and this termination decision was the subject of the hearing over which he presided. Therefore, this Court holds that the plaintiff was denied procedural due process because the decisionmaker at his hearing was not impartial."

5. A.J. Jolly Elementary is within the Campbell County School District.

6. Section 1 of the Kentucky Constitution provides, among other things, that all people have the right to free speech, as well as to "apply[] to those invested with the power of government for redress of grievances or other proper purposes, by petition, address or remonstrance." Section 14 provides in its entirety that: "[a]ll courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

7. The amended complaint added a reference to Section 14 of the Kentucky Constitution, as well as a reference to the First Amendment to the United States Constitution.

8. The trial court's order granting the Board's motion states that "[t]he cause of action asserted by the Plaintiff has never been recognized as existing under Kentucky law."

9. CR 76.12(4)(c)(v) provides that an appellant's brief shall contain "[a]n 'ARGUMENT' conforming to the Statement of Points and Authorities, with ample supportive references

brief clearly does not contain a statement regarding how (or if) his arguments were preserved for appellate review. But dismissal based upon a failure to comply with CR 76.12 is not automatic.[10] In fact, as the record in this case is sparse and it is clear that Baker vigorously opposed the Board's motion to dismiss,[11] sanctions for Baker's technical violation of CR 76.12 are not warranted.[12]

■ As we review the propriety of the trial court's grant of summary judgment, we are mindful that summary judgment was appropriate only if the Board showed that Baker "could not prevail under any circumstances." [13] In ruling on a motion for summary judgment, we must view the evidence in the light most favorable to the

non-movant.[14] An appellate court reviewing a grant of summary judgment must determine whether the trial court correctly found that there were no genuine issues of material fact.[15] As findings of fact are not at issue, the trial court's decision is entitled to no deference.[16]

The issue before us is whether Kentucky should recognize a common law cause of action for retaliatory refusal to hire that is based upon only public policy. Baker concedes that his proposed cause of action is not expressly permitted by any statute or reported decision by any Kentucky court. Since Baker's complaint does not reference any statutes creating such a cause of action,[17] he is left to argue that retaliatory

---

to the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner."

**10.** *See Cornette v. Holiday Inn Express,* 32 S.W.3d 106, 109 (Ky.App.2000).

**11.** The Board inexplicably and erroneously contends that Baker did not argue below that his claims were not based directly on the Kentucky and United States Constitutions, but that those documents were cited merely as examples of public policy. However, Baker's brief in opposition to the Board's motion to dismiss clearly states that "Plaintiff, while relying on constitutional provisions, is not suing under those provisions, but instead is citing them as evidence of an accepted public policy."

**12.** *Cornette,* 32 S.W.3d at 109. ("Finally, appellees argue that this court should not consider the arguments advanced for reversal because of appellant's failure to demonstrate in her brief how the issues were preserved for review as required by CR 76.12(4)(c).... We are convinced that the failure to comply with the rule is not fatal in this instance because the record consists of only a few pleadings, a few brief hearings related to the motions for summary judgment, and a few very brief de-

positions. Reference to the specific portion of this brief record is not essential where the propriety of summary disposition was clearly joined at every stage of the proceeding.")

**13.** *Steelvest,* 807 S.W.2d at 480 (*citing Paintsville Hosp. Co. v. Rose,* 683 S.W.2d 255 (Ky. 1985)).

**14.** *Id.*

**15.** *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App.1996).

**16.** *Id.*

**17.** A retaliatory refusal to hire could, theoretically, be encompassed by 42 U.S.C. § 1983, which prevents someone acting under color of state law from infringing with another person's rights. But in Kentucky, the statute of limitations for filing a § 1983 claim is one year, as is the period for filing a personal injury claim. *See, e.g., Million v. Raymer,* 139 S.W.3d 914, 919 (Ky.2004). Inexplicably, Baker did not file the current action until well after the one-year statute of limitations for § 1983 claims had expired. Thus, his only recourse is to aver that his claim is based upon the Board's violation of a public policy. Baker contends that the statute of limitations for a retaliatory refusal to hire claim should be five years in accordance with that provided for wrongful discharge cases. *See Bednarek v.*

refusal to hire is prohibited by the public policy of Kentucky, as expressed in Sections 1 and 14 of the Kentucky Constitution.[18]

The parties have not cited, nor have we independently located, any cases recognizing or refusing to recognize a cause of action for retaliatory refusal to hire. The most analogous cases are the wrongful discharge cases. So we must use those wrongful discharge cases as a guide to resolving the public policy arguments presented in this appeal.

■ Employment in Kentucky is, generally, at-will, meaning that "ordinarily an employer may discharge [an] at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible."[19] By analogy, an employer should be able to refuse to hire an employee for any cause not specifically prohibited by applicable state or federal authorities.[20] But the Kentucky Supreme Court has recognized narrow public-policy-based exceptions to the at-will employment doctrine. For example, that Court found that "implicit in the Workers' Compensation Act 'is a public policy that an employee has a right to be free to assert a lawful claim for benefits without suffering retaliatory discharge.' "[21] And the Supreme Court established very specific limitations on " 'any judicial exceptions to the employment-at-will doctrine.' "[22] Those limitations are as follows:

1) The discharge [or, presumably, failure to hire] must be contrary to a fundamental and well-defined public policy as evidenced by existing law.

2) That policy must be evidenced by a constitutional or statutory provision.

3) The decision of whether the public policy asserted meets these criteria is a question of law for the court to decide, not a question of fact.[23]

Baker's proposed cause of action cannot meet those criteria. The Kentucky Supreme Court has already rejected a claim of wrongful discharge based on the First Amendment to the United States Constitution and its counterpart, Section 1 of the Kentucky Constitution.[24] Thus, Section 1

*United Food and Commercial Workers Int'l. Union, Local Union 227,* 780 S.W.2d 630, 632 (Ky.App.1989). Although Baker's statute of limitations argument is superficially attractive, we need not decide what statute of limitations applies to a non-existent cause of action.

**18.** Although referenced in Baker's amended complaint, the First Amendment to the United States Constitution affords him no relief because it is necessary for a plaintiff to cite and utilize 42 U.S.C. § 1983 to bring a cause of action under that constitutional provision. *See Henderson v. Corrections Corp. of America,* 918 F.Supp. 204, 208 (E.D.Tenn.1996). ("A plaintiff must allege a cause of action under 42 U.S.C. § 1983 in order to bring a claim of a constitutional violation of the First or Fourteenth Amendments.") Consequently, as Baker did not (and now cannot) reference § 1983 in his complaint or amended complaint, his claim must rise or fall solely based upon Sections 1 and 14 of the Kentucky Constitution.

**19.** *Firestone Textile Co. Div. v. Meadows,* 666 S.W.2d 730, 731 (Ky.1983).

**20.** For example, KRS 342.197(2)(a) prohibits an employer from failing to hire a prospective employee solely because the employee has been diagnosed with occupational pneumoconiosis.

**21.** *Boykins v. Housing Authority of Louisville,* 842 S.W.2d 527, 529 (Ky.1992) (quoting *Firestone,* 666 S.W.2d at 732).

**22.** *Grzyb v. Evans,* 700 S.W.2d 399, 401 (Ky. 1985) (quoting *Brockmeyer v. Dun & Bradstreet,* 113 Wis.2d 561, 335 N.W.2d 834, 835 (1983)).

**23.** *Id.* at 401.

**24.** *Id.* at 402.

must also be an inappropriate vehicle for Baker's proposed retaliatory failure to hire claim. Furthermore, the Kentucky Supreme Court has specifically rejected a wrongful discharge claim based upon Section 14, holding that "Section 14 has nothing to do with employment rights as such." [25] And Baker has not pointed to any authority from this Commonwealth showing that any public policy involving retaliatory failure to hire exists, much less exists in a "well-defined" state, as required by *Grzyb*.[26] Finally, the existence of an established relationship between an employer and an employee creates certain expectations of conduct and trust that simply do not exist between an employer and a job applicant. So it is logical that public policy would afford more protections to an employee than to a prospective employee.

 Lest this opinion be misconstrued, we do not pass upon the propriety of Brady's alleged refusal to permit Baker to be hired. Rather, we hold only that no cause of action exists for retaliatory failure to hire under the public policy of Kentucky.[27]

For the foregoing reasons, the judgment of the Campbell Circuit Court is affirmed.[28]

ALL CONCUR.

---

**25.** *Boykins*, 842 S.W.2d at 530. Baker unsuccessfully attempts to get around that very specific holding by apparently arguing that there was no adverse employment action in *Boykins* but that such a condition existed in his case. *See* Reply Brief, p. 3. ("We agree with the majority opinion in *Boykins* [citation omitted] that Section 14 of the Kentucky Constitution has nothing to do with *employment rights* as such. But here there *is* an adverse employment action. There should be sufficient grounds to support a constitutional basis for his instant claim as a matter of public policy.") Baker's conclusory argument is curious in that the plaintiff in *Boykins* was terminated, which was undoubtedly an adverse employment action. Furthermore, although the ultimate holding in *Boykins* is, on its face, specifically limited to the fact pattern presented, the discussion of public policy exceptions to the at-will employment doctrine is quite helpful in resolving the issues presented in the case at hand.

**26.** *See* n. 22. *See also Firestone,* 666 S.W.2d at 733. ("Employers as a group have a legitimate interest to protect by having the cause of action for wrongful discharge clearly defined and suitably controlled.")

**27.** We also express no opinion as to whether Baker could have prevailed if he had timely filed his action seeking relief under federal law, such as § 1983.

**28.** Having found that no common law cause of action for retaliatory failure to hire exists under Kentucky law, we decline to address any ancillary issues presented in the briefs, such as whether Baker has met the prima facie elements of a retaliation claim, or whether Brady had the ultimate authority to hire employees (or veto the hiring of employees) on behalf of the Board.