RENDERED:  APRIL 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0018-MR

RHONDA BLAKELEY AND SETH BLAKELEY        APPELLANTS

APPEAL FROM MUHLENBERG CIRCUIT COURT
v.        HONORABLE BRIAN WIGGINS, JUDGE
ACTION NO. 18-CI-00169

CONSOLIDATED INSURANCE COMPANY        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; K. THOMPSON AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Rhonda Blakeley and Seth Blakeley ("Appellants") appeal from an opinion and order of the Muhlenberg Circuit Court granting summary judgment and rendering a declaration of rights in favor of Consolidated Insurance Company ("Appellee").  Appellants argue that the circuit court made several erroneous factual determinations, failed to answer other important

questions, and otherwise erred in sustaining Appellee's motion for summary judgment. For the reasons addressed below, we find no error and affirm the judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

The plaintiffs in the underlying action, who are not parties to this appeal, namely Barry Atcher, Sherry Atcher, Stetson Atcher, and Kari Beth Atcher ("the Atchers") leased farm properties to James Blakeley. James Blakeley allegedly signed the leases on behalf of a partnership with Appellants. The Atchers would later allege that James Blakeley and Appellants fraudulently induced the Atchers to execute the leases, and then intentionally failed to farm the properties in a workmanlike manner and in accordance with the terms of the leases. The alleged purpose of the scheme, according to the Atchers, was to defraud crop insurance providers. The Atchers filed the underlying action to recover unpaid rents and royalties, diminution in property value, and the cost of restoring the properties to their original condition. The Atchers also sought crop insurance proceeds received by James Blakeley and Appellants, as well an injunction as against Appellants prohibiting them from selling certain assets.[1] In January, 2020, the Atchers settled all claims in the lawsuit.

---

[1] According to the record, James Blakeley and Rhonda Blakeley were married. James Blakeley died on October 30, 2017. The Atchers sued Rhonda Blakeley in both her individual capacity and as Executrix of the estate of Mr. Blakeley.

At all relevant times, James Blakeley and Appellants were named insureds on a farm liability insurance policy issued by Appellee. While the Atchers' claims were pending, Rhonda Blakeley filed a third-party complaint against Appellee alleging breach of contract and requesting a declaration of rights that Appellee was obligated to defend and/or indemnify against the Atchers' claims.[2] Appellee filed a counterclaim seeking a declaration of rights. Thereafter, Appellee filed a motion for summary judgment asking the court to declare as a matter of law that Appellee owed no duty to defend Appellants or James Blakeley's estate.[3] Appellants also moved for summary judgment.

After considering the arguments of counsel, on November 15, 2019, the circuit court rendered an opinion and order granting summary judgment in favor of Appellee. The court declared as a matter of law that Appellee did not owe any duty under the policy to defend or indemnify Appellants or the estate in connection with the claims asserted by the Atchers. In support of the judgment,

---

[2] "In any action . . . wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights . . . and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked. Kentucky Revised Statutes ("KRS") 418.040.

[3] To complicate matters, Rhonda Blakeley in her capacity as Executrix, filed a cross-claim against herself in her individual capacity and Seth Blakeley asserting claims of negligence and wrongful death arising from the death of James Blakeley. Rhonda Blakeley in her individual capacity and Seth Blakeley filed a similar claim against the estate of James Blakeley alleging negligence, wrongful death, strict liability, and breach of contract. Appellee characterizes these pleadings as "purported cross-claims," as they were filed without leave of court and in apparent violation of Kentucky Rules of Civil Procedure ("CR") 7.01. The Muhlenberg Circuit Court did not address these pleadings in the order on appeal.

the court determined that the insurance policy applied only to damages the insured became obligated to pay because of bodily injury or property damage caused by an "occurrence." According to the circuit court, the policy defined "occurrence" as "an accident, including continuous or repeated exposure to substantially the same harmful conditions." The court found that the Atchers' complaint did not allege any bodily injury or property damage caused by an "occurrence." Citing *Martin/Elias Properties, LLC v. Acuity*, 544 S.W.3d 639, 643-44 (Ky. 2018), the circuit court found as controlling the question of whether the insured intended the event to occur, or whether it was a chance event beyond the control of the insured. Since the Atchers alleged that Appellants engaged in intentional harm, the court concluded that such harm could not constitute an accident. Because the insurance policy protected only against accidents, and as no accident was alleged by the Atchers, the court ruled that Appellee had no duty to defend or indemnify Appellants. It granted summary judgment in favor of Appellee, and this appeal followed.

## ARGUMENTS AND ANALYSIS

Appellants argue that the Muhlenberg Circuit Court committed reversible error in sustaining Appellee's motion for summary judgment. They contend that the circuit court made several erroneous factual determinations and failed to answer other important questions; wrongly implied "intent" and "control"

-4-

while considering the issue of an "occurrence"; failed to consider the existence of an "occurrence" from Appellants' perspective; created ambiguity by incorporating exclusions in the "farm liability" endorsement into the "farm employers liability" provision; improperly failed to rule that Appellants' cross-claim triggered Appellee's policy coverage, thus giving rise to a duty to defend and indemnify; and, failed to rule that the Atcher leases constitute an insurance contract under the policy of insurance. Appellants argue that there remains a question of fact as to the relationship between James Blakeley and Appellants and whether the Atcher leases bind Appellants.[4]

The primary question for our consideration, and the central issue upon which the Muhlenberg Circuit Court based its summary judgment, is whether Appellants are entitled to a defense and/or indemnification under the insurance policy by virtue of a covered "occurrence." The policy's liability coverage applies only to damages the "insured" becomes legally obligated to pay because of "bodily injury" or "property damage" caused by an "occurrence." The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

---

[4] Appellants' brief does not contain a statement regarding if or how their arguments were preserved for appellate review. As it is clear from the record that Appellants opposed the motion for summary judgment, sanctions for violating CR 76.12(4)(c)(v), which may include dismissal of the appeal, are not warranted. *See Baker v. Campbell County Board of Education*, 180 S.W.3d 479, 482 (Ky. App. 2005).

The circuit court determined that the Atchers' complaint did not allege any bodily injury or property damage caused by an "occurrence." In reaching this conclusion, it relied on *Cincinnati Insurance Company v. Motorists Mutual Insurance Company*, 306 S.W.3d 69, 73-74 (Ky. 2010), *as corrected* July 19, 2011. In *Cincinnati Insurance Company*, the Kentucky Supreme Court held that "accident" and "occurrence" are unambiguous, and that they embody the principle of "fortuity" inherent in all liability insurance policies. *Id.* The fortuity analysis has two prongs: intent and control. "[I]n determining whether an event constitutes an *accident* . . . courts must analyze this issue according to the doctrine of fortuity: 1) whether the insured intended the event to occur; and 2) whether the event was a chance event beyond the control of the insured." *Martin/Elias Props.*, 544 S.W.3d at 643 (internal quotation marks and citation omitted) (emphasis in original). Policy language insuring against accidents applies only if the insured did not intend the event or result to occur. *Id.*

The Muhlenberg Circuit Court determined that Appellants' bad acts, if any, cannot constitute "accidents" for purposes of liability coverage under the policy. We find no error in this conclusion. The Atchers claimed that Appellants intentionally farmed the properties in a non-workmanlike and injurious manner. Under the "intent" element of the fortuity analysis, the intentional harm alleged by

the Atchers cannot constitute an accident.  As noted by circuit court, "a loss or harm is not fortuitous if the loss or harm is caused intentionally by [the insured]."

The circuit court went on to conclude that even if Appellants were negligent as alleged in the alternative by the Atchers, such negligence would still not qualify as an accident under the "control" prong of the fortuity analysis.  The court found that even if Appellants were negligent, they were in control of such negligence rendering it something other than a "chance event" under *Cincinnati Insurance Company*  We agree and find no error in this conclusion.

Further, we are not persuaded that the circuit court erred in failing to consider the complaint's allegations from the perspectives of Appellants rather than the perspectives of all three defendants.  The complaint does not allege any independent acts by Appellants as opposed to acts committed by James Blakeley.  Rather, the Atchers' claims against Appellants are based on the allegation that James Blakeley and Appellants were partners.  We find no error on this issue.

Appellants also argue that the circuit court improperly conflated exclusions applicable to the "Farm Liability" and "Farm Employers Liability" endorsements.  The policy's employers liability endorsement has no bearing on the matter before us and was not relied upon by the circuit court in its granting of summary judgment.  We find no error on this issue.

Additionally, Appellants assert that their cross-claims against each other alleging negligence, wrongful death, and loss of consortium triggered Appellee's policy, thus giving rise to Appellee's duty to defend and indemnify the cross-defendants.[5] The order on appeal, however, disposed of Appellee's motion for summary judgment stemming from Appellants' third-party complaint alleging breach of contract and requesting a declaration of rights that Appellee was obligated to defend and/or indemnify against the Atchers' claims. Appellee's motion for summary judgment did not implicate Appellants' cross-claims against each other, the order disposing of the motion for summary judgment did not address the cross-claims, and the Notice of Appeal names Appellee as the sole party against whom this appeal is taken. Additionally, Appellants' cross-claims were filed without leave of court and in apparent violation of CR 7.01.[6] We have no basis for concluding that Appellants' cross-claims gave rise to Appellee's duty to defend and/or indemnify Appellants.

---

[5] *See* Footnote 3.

[6] CR 7.01 states:

> There shall be a complaint and an answer; a reply to counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if leave is given under Rule 14 to summon a person who was not an original party; and a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed*, except that the court may order a reply to an answer or a third-party answer.

(Emphasis added).

Lastly, Appellants briefly argue that the Atcher leases constitute an "insured contract" under Appellee's policy, thus implicating Appellee's duty to defend and/or indemnify Appellants. We find persuasive Appellee's contention that the policy's "insured contract" provision is not relevant to the issues before us and cannot be invoked to infer coverage that is not provided in the policy's insuring agreement. The policy provides coverage, if at all, for an "occurrence." No occurrence having been shown, it follows that coverage under the policy is not implicated.

## CONCLUSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id*. "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there

is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

When viewing the record *de novo* in a light most favorable to Appellants and resolving all doubts in their favor, we conclude that the circuit court correctly found that there were no genuine issues as to any material fact and that Appellee was entitled to judgment as a matter of law. Accordingly, we affirm the opinion and order of the Muhlenberg Circuit Court granting summary judgment.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Harlan E. Judd, III
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Douglas W. Langdon
Griffin Terry Sumner
J. Kendrick Wells, IV
Louisville, Kentucky